CERTIFICATE OF INTERESTED PERSONS

59,058-09

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS


PETITION FOR WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM UNLAWFUL
CONFINEMENT UNDER VOID JUDGMENT
AND VOID COURT ORDER RENDERED FOR
THE OFFENSE AGGRAVATED ROBBERY
CAUSE NO. 913043
FROM THE 183RD JUDICIAL DISTRICT COURT,
HARRIS COUNTY, TEXAS

This document contains some
pages that are of poor quality
at the time of imaging.


INTERESTED PERSONS:

Judge Vanessa Valasquez
Criminal Justice Bldg., 18th Fl.
1202 Franklin
Houston, Texas 77002


Assistant District Attorney
183rd Judicial District Court
Criminal Justice Bldg., 18th Fl.
1201 Franklin
Houston, Texas 77002


(Petitioner) Samuel Roy Jackson
TDCJ-ID# 1268721
Nathaniel J. Neal Unit
9055 Sour 591
Amarillo, TX 79107-9696

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 28 2015
Abel Acosta, Clerk

i

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . **II**

TABLE OF AUTHORITIES . . . . . . . . . . . iii

ISSUES TO BE ADDRESSED . . . . . . . . . . .

Section(A) C.C.P.. Articles of Law . . . . . . .

CRIMINAL LAW KEYS . . . . . . . . . . .

GROUNDS FOR RELIEF . . . . . . . . . . .

CONCLUSION SUMMARY . . . . . . . . . .

RELATOR'S REQUEST . . . . . . . . . .

DECLARATION OF PENALTY OF PERJURY . . . . . .. . .

CERTIFICATE OF SERVICE . . . . . . . . . .

Appendix:

Contents: Documents (A).(B).(C).(D).(E).(F).(G).(H).(I) (J) (K) (L)

INDEX OF AUTHORITIES

page

Addison v. State, 28 S.W.2d 55 Tex Crim App 1955 . . . . (9)

In re Alexander, 243 S.W.2d 822 Tex App San Antonio 2007 . . . . ———

Tex Crim App 1962 Bender v. State, 353 S.W.2d 39, 171 Tex Crim 628 . . (6)

Carpenter v. State, Cr App 1949, 153 Tex Crim 218 S.W.2d 2007 . . (6)

Catching v. State, 285 S.W.2d 233, 162 Tex Crim 342 . . . . . (9)

Colbeat v. State, 314 S.W.2d 602, 166 Tex Crim 431 . . . . . (6)

Davis v. State, 503 S.W.2d 241 [Tex Crim App 1974] . . . . . (8)

Ex parte Drake, 883 S.W.2d 213 Tex Crim App 2002 . . . . . (2)

Halbadier v. State, Cr App 1920, 87 Tex Crim 129, 220 S.W.95 . . . (8)

Ex parte Haskin, 801 S.W.2d 12 Tex App Corpus Christi 1990 . . . ———

Ho v. State, 856 S.W.2d 495 Tex App Houston [1st Dist.] . . . . (7)

Maddon v. State, App 7th District 1982, 630 S.W.2d 380 . . . . (8)

Ex parte McClain, Cited as 67 S.W.3d 205 Tex Crim App 2002 . . . ———

Naff v. State, 946 S.W.2d 529 . . . . . . . . (8)

In re Parr, 199 S.W.3d Tex App Houston [1st Dist. 2006] . . . . (2)

Ex parte Rogers, 820 S.W.3d 35 Tex App Corpus Christi 1991 . . . ———

Ex Parte Rosborough, 783 S.W.2d Tex App Houston [1st Dist.] 1987 . . ———

Shackelford v. State, 516 S.W.2d 180 [Cr App 1974] . . . . . (9)

Spigener v. Wallis, 80 S.W.3d 174 Tex App Waco 2002 . . . . . (2)

State v. Edwards, 808 S.W.2d 662. . . . . . . . (5)(10)

Ex parte Townsend, 135 S.W.3d 79, 81 [Tex Cr App 2002] . . . . (9)

Wells v. State, 516 S.W.2d 663 . . . . . . . . . (4)

Williams v State 65 Sw3d 656 658 Tex Crim 2001 (19)

Armienta v Kern 198 Sw3d 147 (2)

Chavez v State 132 S.W.3d 509 510 Tex App Houston 1st Diss 2004 (1)

Exparte Hawkins 885 Sw3d 586 588 Tex App El paso 1994 (1)

Watson v State 96 S.W3d 497 500 Tex App Amarillo (1)

Seidel v State Vol 39 Sw 3d 221 Tex Crim App 2001 (1)

Exparte Spaulding 68 Sw 3d at 745 (4)(2)(3)

Staytzenberger v State 232 S.W 3d 323 (5)

Teal v State 230 Sw3d 172 180 Tex Crim App 2007 (5)

Exparte Reedy 282 S.W.3d 492 502 Tex Crim App 2009 (13)

Exparte Gibson 800 Sw 2d 548 551 Tex Crim 1990 (13)

Webb v State 533 S.W.2d 780 Cr App 1976 (17)

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

Petitioner,            §       FROM THE 183rd JUDICIAL DISTRICT

SAMUEL ROY JACKSON,      §

                       §       COURT OF HARRIS COUNTY, TEXAS

Vs.                           §

                       §       AGGRAVATED ROBBERY:

THE STATE OF TEXAS        §       CAUSE NO.: 913043

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO U.S.C.A., CONSTITUTIONAL
FOURTEENTH AMENDMENT (VERNON"S ANN.).
TEXAS CONSTITUTION ARTICLE 5 AND 11.
SEEKING RELIEF FROM VOID JUDGMENT,
VOID SENTENCE AND VOID COURT ORDER,
UNLAWFUL CONFINEMENT UNDER
CAUSE No.: 913043

COMES NOW, Petitioner, SAMUEL ROY JACKSON, in the above-styled caption and Cause and presents his Petition for Writ of Habeas Corpus pursuant to U.S.C.A. Constitutional Fourteenth Amendment, Vernon's Ann., Texas Constitution Article 5 and 11. Seeking relief from a Void Judgment, Void Sentence and Void Court Order rendered without jurisdiction or subject matter jurisdiction vested in the 183rd Judicial District Court at jury trial, in which Petitioner was wrongfully convicted for the offense Aggravated Robbery Cause No. 913043, in which he is currently incarcerated for.

In support of his petition, Petitioner will show the Court the following:

Jurisdiction of the Court of Criminal Appeals
According to Code of Criminal Procedure Ann., Article 11.05

Citing: Chavez v. State, 132 S.W.3d 509, 510(Tex App Houston[1st Dist.] 2004) no pet. Original Jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the District Courts, the County Courts, or a judge in those Courts. Tex.Code.Crim.Proc.Ann., Art. 11.05, [WEST 2005] Ex parte Watson v. State, 96 S.W.3d 497, 500(Tex App Amarillo, 2002); Ex parte Hawkins, 885 S.W.3d 586, 588(Tex App El Paso 1994).

- 1 -

Ex parte Drake, 833 S.W.2d 213 Tex Crim App 1994: A general rule; A Post-conviction writ of habeas corpus is reserved for those instances in which there was jurisdictional defect in trial court which rendered judgment void for denial of fundamental or Constitutional rights. In re Parr, 199 S.W.3d 457, Habeas Corpus Key 445, Judgment or sentence may be collaterally attacked by means of a petition for writ of habeas corpus only where they are void because trial court lacked jurisdiction. Tex Crim App 1999. Tex.App.-Houston [1st Dist.] 2005, A perty may collaterally attack a judgment of a court of general jurisdiction in another court of equal jurisdiction if the underlying judgment is void. Armentor v. Kern, 178 S.W.3d 147, a petition for writ of habeas corpus is one type of collateral attack. Judgment Key 470.523 C.J.S. Judgment 499 533.

Tex.App.-Houston [14 Dist. 1995] Judgment without jurisdiction is void. It is not entitled to recognition in any State and it is subject to collateral attack. U.S.C.A., Const. Amend. 14. Vernon's Ann. Texas Const. Art. 5 and 11. Spigener v. Wallis, 80 S.W.3d 174(Tex.App.-Waco 2002).

Citing: Ex parte Seidel: Cite as Vol. 39 S.W.3d 221(Tex.Crim.App. 2001) Criminal Law Key 1493: lack of jurisdiction over case renders the judgment void and may always be collaterally attacked. Criminal Law Key 990.1. A void judgment is a nullity and can always be attacked at any time.

The writ of habeas corpus is an extraordinary remedy that is available when there is no other adequate remedy at law. Ex parte Townsend, 137 S.W.3d 79, 81(Tex.Cr.App. 2004) Habeas Corpus Key 201, 271.

Jurisdiction of the Court

[Adjudicated Fact] the Court of Criminal Appeals in Austin, Texas has the jurisdiction over Petitioner Jackson's petition for writ of habeas corpus seeking relief from unlawful confinement cause by a void court order rendered

due to a void judgment rendered without any jurisdictional authority over Petitioner Samuel Roy Jackson: which is a U.S.C.A., Const. Amend. 14 Due Process violation.

Citing: Ex parte Seidel: Cite as Vol. 39 S.W.3d 221, Tex.Crim.App. 2001, Criminal Key 1493: Lack of jurisdiction over case renders the judgment void and may always be collaterally attacked. criminal Law Key 990.1. A void judgment is a nullity and can always be attacked at any time.

ISSUES TO BE ADDRESSED

(A) Is the aggravated robbery complaint #913043 a valid complaint. And does it satisfy the Constitutional Requisites of a charging instrument?

(B) Did the aggravated robbery complaint #913043 vest jurisdiction in the 183rd District Court?

(C) Are the information accusations in the aggravated robbery complaint #913043 valid information, and did the information accusations asserted on the face of aggravated robbery indictment's charging paragraph vest Judge Joan Huffman with personal jurisdictional authority over Petitioner Samuel Roy Jackson?

(D) Did Judge Joan Huffman have jurisdiction to conduct subsequent jury trial under aggravated robbery indictment Cause No. 913043?

(E) Is the judgment rendered by the jury under agg robbery indictment #913043 a void judgment?

(F) Is the court order issued by Judge Joan Huffman ordering Petitioner Jackson to serve 35-year sentence in the custody of the Director of the Texas Department of Criminal Justice – Correctional Institutions Division (hereafter TDCJ) for the offense aggravated robbery Cause No. 913043, a void court order issued by Judge Joan Huffman without personal jurisdiction over Petitioner Jackson?

(G) Is Petitioner Jackson unlawfully confined in the custody of TDCJ director, Rick Thaler, under a void judgment and void court order rendered in the 183rd

- 3 -

District Court of Harris County for the offense aggravated robbery Cause No.. 913043?

(H) Is T. William an Assistant District Attorney who prepared the aggravated robbery complaint #913043 reflected in the top-righthand corner by T.W.D.A. ?

"Argument"

If T. Williams is an Assistant District Attorney who "initialed" his first name in the jurat of aggravated robbery complaint #913043, then aggravated robbery complaint #913043 (according to Article 15.5 T.C.C.P.) is an invalid complaint. Citing: Wells v. State, 516 S.W.2d 663, Texas Code of Criminal Procedure (Vernon's Ann.) Article 15.5. A prosecuting attorney cannot sign as the Affiant in the jurat of Complaint. A person authorized to present an Information and conduct a prosecution cannot be the Affiant to the Complaint supporting Information.

NOTE: Should it be found that Petitioner Jackson is unlawfully confined under a void judgment and a void court order, this Honorable Court should issue a Habeas Corpus ordering Jackson's immediate release.

In order to correct this blatant injustice connected to Jackson's unlawful incarceration under a void judgment under aggravated robbery Cause No. 913043, at the Nathaniel Neal Unit (TDCJ-CID), 9055 Spur 591, Amarillo, Texas 79107:

CITING OF AUTHORITIES:

Ex Parte Seidel, Cite as Vol. 39 S.W.3d 221 Tex Crim App 2001. Criminal Law Key 1493. Lack of jurisdiction over case renders the judgment void and may always be collaterally attacked.

Ex Parte Seidel, 39 S.W.3d 221(Tex Crim App 2001). Criminal Law Key 990.1 A void judgment is a nullity from the beginning and is attended none of the consequences of a valid judgment. It is entitled to no respect whatsoever

- 4 -

because it does not affect, impair or create legal right. <u>Ex Parte Spaulding</u>, 68 S.W.2d at 745.

Tex App Houston [14th Dist.] 2007, A judgment is void so as to be subject to collateral attack, when it is apparent that the court rendering the judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. <u>Staytzenberger, v. State</u>, 232 S.W.3d 323.

Tex App Tyler 1991, <u>State v. Edwards</u>, 808 S.W.2d 662. Fundamentally defective information is void, does not effectively invoke Court's jurisdiction over defendant and will not support conviction.

[Section One]

Applicable Law: Requirements by Constitutional Requisites of a Charging Instrument: Such as Complaints, Information and Indictments.

(A) Criminal Law Key 990.1

(B) Code of Criminal Procedure Article 15.5, 15.4 Vernon's Ann.

(C) Code of Criminal Procedure Article 222, 415, 414

(D) Indictment and Information Key 41(3)

(E) Vernon's Ann., Tex C.C.C., Article 21, 22

GROUND FOR RELIEF: <u>(4)</u>
Unlawful Confinement in TDCJ
Under Cause No. 913043

Due to Void Judgment rendered without jurisdictional authority rendered under invalid aggravated robbery complaint and information under Cause No. 913043, in the 183rd Judicial District Court of Harris County, Houston, Texas.

[<u>Facts Supporting Ground</u>]

On May 24, 2002 the Harris County District Attorney's Office filed an invalid aggravated robbery complaint #913043 in the Harris County District Clerk's Office, Charles Bacarrise, which was filed in the 183rd Judicial

District Court of Harris County, Texas. See Appendix Document (A). Copy of Aggravated Robbery Complaint #913043.

[Fact Established in the Record] Officer M. A. Khan is reflected as the Complainant who filed Aggravated Robbery Complaint #913043. See Appendix Document (B). Copy of 183rd District Court Aggravated Robbery Docket text #913043. However, M. A. Khan did not sign as the Affiant in the jurat on the face of Aggravated Robbery Complaint #913043, causing the complaint to be an invalid complaint.

[Citing of Authorities] Tex Crim App 1962, Complaint not signed by Affiant was fatally defective and conviction on information based on such information was reversed. Vernon's Ann., T.C.C.P., Art. 222, 415. Bender v. State, 353 S.W.2d 39, 171 Tex Crim 623.

Colbeat v. State, 314 S.W.2d 602, 166 Tex Crim 431. A complaint which is not sworn to by Complainant is of no effect and will not support a prosecution by information. Vernon's Ann., T.C.C.P., 415, 414.

[Fact] "Complainant" Officer M. A. Khan did not swear to the jurat, T. William signed on the face of Aggravated Robbery Complaint #913043. See Appendix Document (A).

[Citing of Authorities] Carpenter v. State, Cr App 1949, 153 Tex Crim 218 S.W.2d 207. Indictment and Information Key 41(3). The Complaint must be Authenticated by Jurat of officer before whom it was made and in the absence of a valid complaint there can be no valid information.

[Adjudicated Facts] T. William is not listed as one of the ten Houston Police Department (hereafter "HPD") officers named on the face of Assistant District Attorney, Brad Hart's subpoena filed in the 183rd District Court. On the face of Brad Hart's subpoena it is reflected Aggravated Robbery Complaint #913043's Offense Report #072416202. See Appendix Document (C).

- 6 -

Assistant District Attorney Brad Hart's Subpoena. Also see, Appendix Document (D), HPD Offense Report #072416202. T. Williams is not listed as a HPD Officer under Police report #072416202. Officer M. A. Khan and Officer Z. A. Brown are listed as "Reporting Officer(s)" on the Aggravated Robbery Police Report #072416202.

[fact] The jurat of Aggravated Robbery Complaint #913043 (hereafter "The Complaint") was not authenticated by HPD Office/Agency nor any other Office/Agency because T. Williams is not found in the record as a Police Officer. The jurat of The Complaint **NOT** "Authenticated" by the "Complainant", Officer M. A. Khan **IS INVALID**. Officer M. A. Khan's signature does not appear anywhere on The Complaint. Therefore, The Complaint does not meet the Constitutional requisites of a charging instrument: thus causing it to be an Invalid Complaint that did not vest jurisdiction in the 183rd District Court under Cause #913043.

[Citing of Authorities] Tex App Houston [1st Dist.], Ho v. State, 856 S.W.2d 495, valid complaint is prerequisite to valid information and proper jurat is essential to valid complaint. Complaint that is not sworn to before some official or person in authority is insufficient to constitute basis for valid conviction. Vernon's Ann., T.C.C.P., Art. 21, 22.

[Fact] Officer M. A. Khan, the "Complainant" did not swear in the jruat of The Complaint before the Assistant District Attorney whose Texas State Bar Number is "SBOT# 1827741", therefore The Complaint is INVALID.

[Fact] T. William is not a competent person to swear to the accusations alleged in the Affidavit on the face of Agg Robbery Complaint #913043, because T. William is not the "Complainant" nor is T. William one of the ten HPD Officers who conducted the Crime Scene Investigation under HPD Offense report #072416202: therefore, the jurat of Complaint #913043 was "signed and sworn to" by an incompetent uncredible person.

- 7 -

[Citing of Authorities] <u>Halbadier v. State.</u> Cr App 1920, 87 Tex Crim 129, 220 S.W. 85, Indictment and Information Key 41(3). Where the Affidavit or Complaint on which an Information is found signed by an incompetent person, it is void and the whole proceeding based thereon fails.

[Fact] T. William does not set forth any source for his belief in the Affidavit on the face of Agg Robbery Complaint #913043. Thus, The Complaint is insufficient. <u>See Madden v. State.</u> App 7th District 1982, 630 S.W.2d 380, Affirmend, 644 S.W.2d 735.

[Citing of Authorities] <u>Naff v. State.</u> 946 S.W.2d 529, Affiant is permitted to base accusations in Complaint on information derived from police report. Vernon's Ann., T.C.C.P., Art. 15.5

[Fact] In the detail section of Officer M. A. Khan's HPD Offense Report #072416202 there is no information/accusations alleging that Jackson used a knife as a deadly weapon to threaten Larry Seitzler and take his property by force, or while Jackson was stealing Seitzler's property.

There is no information/accusation alleging that Jackson (Suspect #1) had any of Seitzler's property in his possession: the reason being, Officer M. A. Khan testified under cross-examination by defense attorney Robert Scott, stating a Crime Scene Unit of the HPD was dispatched and that Unit tested the knife for "prints" but did not find any prints of Jackson on said knife. See attached <u>Appendix - trial Transcript</u> Page No. _99_ . Therefore, the incompetent T. William did not derive his information/accusations from HPD Offense Report #072416202. Therefore the information/accusations alleged in the Affidavit on the face of Agg Robbery Complaint #913043 are Invalid Information and a violation of T.C.C.P., Art. 15.5.

[Citing of Authorities] <u>Davis v. State.</u> 503 S.W.2d 241[Tex Crim App 1974], Information based on fatally defective Complaint is Void. Conviction based

on such information is void. Shackelford v. State. 516 S.W.2d 180(Cr App 1974). There could be no void information in the absence of a valid complaint.

[Issue: Lack of Jurisdiction]

[Fact] The Complaint #913143 is an invalid AggRobbery Complaint, because its jurat is defective as demonstrated in all of the above-stated Adjudicated Facts supported by Appendix Documents (A), (B), (C), (D) and (E), and each of the T.C.C.P., Articles listed under each "Citing of Authorities" above. Therefore, the invalid agg robbery complaint #913043 did not vest the 183rd District Trial Court with subject matter jurisdiction or jurisdictional authority over Jackson under Agg Robbery Cause No. 913043.

[Citing of Authorities] Catching v. State, 288 S.W.2d 233, 162 Tex Crim 342. A valid complaint is a prerequisite to a valid information. And without a complaint, County Court has no jurisdiction.

[Tex Crim App 1955] Addison v. State, 283 S.W.2d 55: A valid complaint is a prerequisite to a valid information, and without a complaint, County Court has no jurisdiction.

[Subject] Invalid Aggravated Robbery Indictment #913043, Invalid Information. [Adjudicated Facts] See Appendix Document (F) - Agg Robbery Indictment #913043. On the face of Agg Robbery Indictment #913043 the same Invalid information that is reflected in the Affidavit of Invalid Agg Robbery Complaint #913043 is reflected on the face of the Agg Robbery Indictment #913043. Both the Complaint and the Indictment have the same HPD Offense Report Number, #072416202, same Complaining Witness (Namely, Larry Seitzler), same Arrest Date (May 24, 2002) and same Defendant's name (Samuel Roy Jackson DOB 3/5/56).

[Fact] The Invalid Information alleged on the face of Agg Robbery Indictment #913043 did not vest the 183rd District Trial Court with any jurisdiction over Petitioner Jackson, because the information in the charging

- 9 -

paragraph on the face of Indictment #913043 is Void Information that derived from Invalid Agg Robbery Complaint #913043.

[Citing of Authorities] State v. Edwards, 808 S.W.2d 662(Tex App Tyler 1991) Fundamentally Defective Information is Void, does not effectively invoke Court's jurisdiction over Defendant and will not support conviction.

[Subject] Void judgment rendered under Agg Robbery Invalid Indictment #913043 and its Invalid Information.

[Adjudicated Facts] Petitioner Jackson was convicted for the offense Aggravated Robbery cause No. 913043. See Appendix Document (F) - Judgment on Plea Before Jury Court Sheet or Document 913043. Also See Appendix Attached Document (G) - Writ Order to Sheriff Tommy Thomas. Both Documents (F) and Document (G) reflect the fact that "I" Applicant Samuel Roy Jackson was convicted for the offense Aggravated Robbery Cause No. 913043.

The records and documents filed under Cause No. 913043 reflect the Invalidity of the Invalid Agg Robbery Complaint #913043 and its Invalid Information that was set forth in the Charging / Presenting Paragraph on the face of Aggravated Robbery Indictment #913043, which by law, did not invoke or vest the 183rd District Court, Presiding Judge, Joan Huffman, with jurisdiction over Petitioner Jackson, nor was Judge Joan Huffman vested with subject matter jurisdictin under Invalid Agg Robbery Complaint #913043, because neither Charging Instrument satisfied the Constitutional Requisites of a charging instrument according to the Constitutional Laws of Texas.

[factual and Legal Argument Claim]

Due to lack of jurisdictional subject matter in the 183rd District Court, the judgment rendered under Aggg Robbery Cause No. 913043, at jury trial conducted in the 183rd District Court, is a Void Judgment rendered against Petitioner Jackson.

- 10 -

[Citing of Authorities]

[Tex Appeal Austin 1999] Vacated, 15 S.W.3d 104 Remand 2000. WL 852697.
A judgment is void only if the Court rendering the judgment has no jurisdiction over the subject matter, no personal jurisdiction over a party, no jurisdiction to enter the particular judgment or no capacity to act as Court.

Criminal Law Key 990.1: A judgment of conviction for a crime is void when (1) the document purporting to be charging instrument, that is Indictment, Information or Complaint does not satisfy Constitutional requisites of a charging instrument (2) thus trial court has no jurisdiction over defendant (3) record reflects that there is no evidence to support conviction.

[Argument]

Therefore, Petitioner Jackson is unlawfully confined in the custody of Rick Thaler in the TDCJ-CID under a Void Judgment Conviction for the offense Aggravated Robbery Cause No. 913043 from the 183rd Judicial District Court, Harris County, Houston, Texas 77002.

[facts] The 183rd Judicial District Judge, Joan Huffman, was not vested with personal jurisdictional authority over Petitioner Jackson under Invalid Information Allegations asserted in the charging presenting paragraph on the face of Agg Robbery Indictment #913043.


GROUND FOR RELIEF: (β)

Unlawful Confinement; Petitioner Samuel Roy Jackson is
Unlawfully Confined in the Custody of Director of
TDCJ-CID, Rick Thaler.

[Subject] Void Court Order: The Court Order issued by Judge Joan Huffman under Agg Robbery #913043, Void Judgment Conviction rendered by twelve jurors under Invalid Agg Robbery Indictment Cause No. 913043 and its Invalid Information is a Void Court Order rendered at an illegal jury trial held in the 183rd

- 11 -

Judicial District Court. The record reflects Invalidity of Judge Joan Huffman's unlawful assumption of jurisdiction Aggravated Robbery Cause No. 913043.

[Argument] Judge Joan Huffman was without subject matter jurisdiction authority to conduct a *jury* trial in the 183rd District Court of Harris County, Texas. Judge Joan Huffman was without jurisdictional authority to conduct Vori Dire, allowed State's Prosecutor and Defense Attorney, Robert Scott, to select jurors, to decide whether or not "I" Petitioner Samuel Roy Jackson was innocent or guilty of the offense Agg Robbery under Cause No. 914043.

After Judge Huffman gave the jury the Court Charge without personal jurisdictional authority under Invalid Agg Robbery Indictment #913043 and its Invalid Information that derived from Invalid Agg Robbery Complaint #913043 and its Invalid Informatin which did not vest the 183rd District Trial Court with jurisdiction.

CLAIM: Lack of Jurisdiction Over
Aggravated Robbery Indictment #913043
Information.

[Facts Supporting Claim] On June 18, 2003, the State reindicted the Petitioner, Jackson, for the offense Burglary of a *Burglary of a Building 0952420* See Appendix Document "marked" (J); Burglary of a Building Docket Text 095242 of the 183rd District Court, Also See Appendix Document "marked" (K); 183rd Writ Order filed under Burglary of a Building Cause No. 0952420, Ordering Harris County Sheriff, Tommy Thomas to arrest Jackson and present him before the 183rd District Court for Reindictment of the offense Burglary of a Building Cause No. 0952420.

[Facts] Petitioner was reindicted for the offense Burglary of a Building. Offense which derived out of the same criminal episode as did the Agg Robbery offense Cause No. 913043. Both offenses derived from the HPD Offense Report

- 12 -

Number 072416202. <u>See Documents "marked" (J) and (K)</u> in the Attached Appendix.

The Information/Allegations alleging threat with a knife with intent to place Larry Seitzler in fear of imminent bodily injury and death, was not the Information/Accusation set forth on the face of the Burglary of a Building Reindictment No. 0952420. Therefore, the Trial Court was not vested with jurisdiction over the Agg Robbery Indictment #913043 and its Information due to the Reindictment of Petition for the offense Burglary of a Building Cause No. 0952420, and its Information, in which the 183rd Judicial District Court was then "became vested" with subject matter jurisdiction over the Burglary of a Building Cause No. 0952420

<u>Ex Parte Reedy</u>, 282 S.W.3d 492, 502(Tex Crim App 2009); <u>Ex Parte Gibson</u>, 800 S.W.2d 548, 551(Tex Crim App 1990); Further, "If the instrument comes from the Grand Jury, purports to charge an offense and is facially an Indictment then it is an indictment ... and its presentation by a State's Attorney invests the trial court with jurisdiction to hear the case," Ex Parte Gibson, supra. See also, <u>Teal v. State</u>, 230 S.W.3d 172, 180(Tex Crim App 2007), The proper test to determine if a charging instrument alleges an offense "is whether the allegations in it are clear enough that one can identify the offense alleged. If they are, then the indictment is sufficient to confer subject matter jurisdiction."

Therefore, since the allegations on the face of the Burglary of a Building Indictment #0952420 are clear enough that one can identify the offense alleged, the Burglary of a Building Indictment #0952420 conferred subject matter jurisdiction in the 183rd District Court for the offense Burglary of a Building but did not confer subject matter jurisdiction for the offense Aggravated Robbery Cause No. 913043: which is the primary Indictment,Petition was

- 13 -

taken to trial for in June 2003 which ended in a mistrial on June 13, 2003. See Appendix Document "marked" (B) -- Aggravated Robbery 183rd District Court Docket Text. Five days later on June 18, 2003 the State obtained Burglary of a Building Indictment #0952420 from the 248th Grand Jury in the 183rd District Court.

[Fact] The 183rd District Court was not vested with jurisdiction or subject matter jurisdiction over Agg Robbery Indictment #913043 after the State abandon the Agg Robbery Indictment #913043, then reindicted Petitioner with the Burglary of a Building Indictment #0952420, the act of reindicting Petitioner transferred the subject matter jurisdiction from the Agg Robbery Indictment #913043 to the subject matter jurisdiction for the offense Burglary of a Building. Therefore, the judgment rendered against Petitioner for the offense Agg Robbery Cause No. 913043 is a Void Judgment rendered without subject matter jurisdiction.

Petitioner was convicted for the offense Agg Robbery Cause No. 913043 on October 28, 2004. On the same date the State Dismissed the Burglary of a Building Cause No. 0952420. See Appendix Document "marked" (J).

The Court of Criminal Appeals, located in, Austin, Texas should not delay in GRANTING Petitioner's Writ of Habeas Corpus and ORDER Petitioner RELEASED IMMEDIATELY from TDCJ-CID Director, Rick Thaler's custody. Article 11.23, 11.15

Judge Joan Huffman did not rule or give consideration to Petitioner's Motion For Written Ruling filed January 8, 2004. See Appendix Document "titled" Motion For Written Ruling.

All of Petitioner Jackson's motions filed in the 183rd Judicial District Court were essential to ensure his constitutional rights were preserved for

*Filed* to assure Petitioner review in the *Court of criminal Appeals* under a Petition for Writ of Habeas Corpus when Petitioner has no other adequate remedy at law to have his claims considered on the merits.

GROUND/CLAIM: **( c )**
U.S.C.A., Fourteenth Amendment and
State of Texas Fourteenth Amendment
Constitution Due Process Violation
T.C.C.P., Art. 1.04.

T.C.C.P., Art. 1.04. Due Process of Law Statute. No citizen of this State shall be deprived of his life, liberty, property, privileges or immunities or in any manner disfranchised except by due course of law.

[Argument] Judge Joan Huffman refused to afford "me" Petitioner Jackson Due Course of Law, when the trial judge refused to rule on the following:

(A) Motion to Set Aside Indictments -- See Appendix Documents marked (*L*). Judge Joan Huffman did not conduct a trial on Motion to Set Aside Indictment. Articles 27.04, 507, 571, 560. <u>Motion Tried by Judge</u>. An issue of fact arising upon a motion to set aside Indictment or Information shall be tried by judge.

[Harmfull Error] When Judge Huffman refused to conduct trial on Motion to Set Aside Indictment, she contributed to Petitioner's conviction because the State was allowed the second opportunity to convict Petitioner for the offense Aggravated Robbery whereas Petitioner, in his Motion to Set Aside Indictment, issue is that, the Burglary of a Building Cause No. *0952420* was a "reindictment" from the same criminal episode that the Agg Robbery Indictment #913043 derived from. That trial ended in a mistrial on June 13, 2003. <u>See Appendix Document marked (β)</u>.

Double Jeopardy Key of the U.S.C.A., Amend. Five "prohibited" reindictment after the State announced "ready" and the trial comenced on its merits.

Further, had Judge Joan Huffman complied with Due Course of Law Mandatory Statute, Art. 27.04, 507, 571, 560, the Trial Court would have more than likely dismissed the Burglary of a Building Indictment #0952420. And the Trial Court was without jurisdicition to conduct the subsequent trial. Judge Joan Huffman was not the judge who presided over the Aggravated Robbery Trial that ended in a mistrial on June 13, 2003. Judge Joe Ann Ottis was the "sit in" presiding judge.

Petitioner filed his Motion to Set Aside Indictments on January 8, 2004, prior to the subsequent trial during which Petitioner Jackson was convicted for the primary offense, Aggravated Robbery Cause No. 913043. Further, the acts of Harmful Error lead to Petitioner's conviction and wrongful incarceration in TDCJ-CID, where Jackson is currently serving time as an Actual Innocent person: due to a Void Judgment rendered during an Illegal Subsequent Trial conducted in the 183rd Judicial District Court after Petitioner Jackson filed his Motion to Set Aside Indictments.

Motion Key, 36, 40. A Trial Court is Required To
Consider And Rule Upon Motion Within Reasonable Time.

[Claim] Judge Joan Huffman violated U.S.C.A., Fourteenth Amendment, Due Course of Law Clause requirement, when the Trial Judge refused to conduct trial upon Petition For Writ of Habeas Corpus filed June 28, 2004, March 11, 2004. See Appendix Document (B) Aggravated Robbery Cause No. 913043, 183rd District Court Docket Text.

Violations And Denial of Due Process
Under the Following Texas Code of Criminal Procedure.

Article 11.10 Proceeding Under Writ: When motion has been made to a judge under circumstances set forth in the two proceeding articles, he shall appoint a time when he will examine the cause of the applicant, and order the writ returnable at the time in the county where the offense is charged in the indictment or information to have been committed. He shall also specify

- 16 -

some place in the County where he will hear the motion.

[Article 11.49] Order of Argument: The Applicant shall have the right by himself or counsel to open and conclude the argument upon the trial under habeas corpus.

Judge Joan Huffman refused to comply with any of the Due Course of Law under Articles 11.10, 11.11, 11.49. Under Writ of Habeas Corpus Due Process of Law: which is a direct violation of the Texas Constitution Code of Criminal Procedure Article 1.04.

Further, Joan Huffman refused to rule on Petitioner's Motion For Discovery And Inspection of Evidence filed on January 8, 2004. See Appendix Document, Motion For Discovery And Inspection of Evidence, Aggravated Robbery Cause Number 913043 Docket Text.

Judge Joan Huffman refused to rule on Petitioner Jackson's Motion To Dismiss Court Appointed Attorney, filed December 22, 2003, and filed on March 20, 2003. See Appendix Document, Motion To Dismiss Court Appointed Attorney. See also Aggravated Robbery Docket Text #913043.

Judge Joan Huffman denied Petitioner Jackson his Constitutional Rights to Self-representation when she refused to rule on Petitioner's Motion To Dismiss Court Appointed Attorney Robert Scott, and refused to allow Petitioner Jackson request to be allowed to represent himself after the State reindicted Jackson for the offense Burglary of a Building Cause No. 0952420.

[Citing] Webb v. State [Cr App 1976] 533 S.W.2d 780, Criminal Law Key 641.4(1) Defendant in state criminal trial has a Constitutional Right to proceed without counsel when he voluntarily and intelligently elects to do so.

### Evidence: Due Process Violation

[Claim] Due Process Violation: The photographs presented at the subsequent trial was not gathered by the HPD Officers who arrived at the location 2001

- 17 -

Karbach St., "the Crime Scene Location of HPD Offense Report #072416202. Even though a Crime Scene Unit was dispatched according to Officer M. A. Khan's testimony. See Appendix Document. Trial Transcript Page #99.

The Complaining Witness "namely" Larry Seitzler. took photographs and then "someone" from the Harris County District Attorney's Office. See Appendix Document. Trial transcript Page Nos. 74, 108, 111.

The concrete block presented by the State was not gathered by the Crime Scene Unit of the HPD, it was brought to trial by the Complaining Witness, "namely" Larry Seitzler. See Appendix Document: Closing Argument by Defense. Page No. 86.

The Due Process of evidence gathered by an investigating agency such as a crime scene police officer, is that the evidence gathering process require the gathering of evidence, tagging it and placing it in the property room.

The above said photographs and concrete block did not go through this process. See Appendix Document: Trial Transcript Page No. 99.

[Actual Innocence Claim] Petitioner is actually innocent, in that Petitioner never did use a knife in any manner to threaten Larry Seitzler with immenent bodily injury and death. See Appendix Document: Closing Arguments by Defense. Page No. 83; Trial Transcript Page No. 10; and Physical Evidence Ben Taub Medical Records supporting Actual Innocence Claim. Therefore, Petitioner Jackson is Actually Innocent of the Element Threat with a Knife as the State alleged on Indictment #913043.

Petitioner's finger prints were not found on said knife, which would show the knife in his possession. Petitioner did not attempt to stab Seitzler or use the knife in any other manner to threaten Larry Seitzler or cause Seitzler to fear for his life as the State alleged in Agg Robbery Indictment #913043. Petitioner never said anything to Seitzler. Thus, accordingly,

- 18 -

medical records reflect in a human body diagram that Petitioner was shot twice, once in the back of his right leg and once in the back of his left forearm: which proves Seitzler shot Petitioner while his back was turned toward Seitzler, and also proves Petitioner was not facing Seitzler and/or threatening Seitzler when Jackson was shot. Therefore, Seitzler's accusations and the State's accusations alleging "threat of Imminent Bodily Injury and Death by the use and Exhibiting a Knife as a Deadly Weapon" in indictment #913043, are no more than Perjured Accusations made by the State and the Complaining Witness "namely" Larry Seitzler made against Petitioner Jackson.

Furthermore, the HPD - Crime Scene Unit tested the knife for finger prints but did not find Jackson's prints on the knife. See Appendix Document, Trial Transcript Page (   ).

The error is the Perjured Accusations made against Jackson in the presenting paragraph of Aggravated Robbery Indictment #913043, which contributed to Jackson's conviction for the offense Agg Robbery Cause No. 913043. Also, the error of the 183rd District Trial Judge's unlawful assumption of jurisdiction under Invalid Agg Robbery Complaint, Indictment and Information contributed to Jackson's conviction: because Judge Joan Huffman conducted an illegal trial without subject matter jurisdiction.


"Harmful Errors"

[Citing] Ex parte William, 65 S.W.3d 656, 658(Tex Crim App 2001). An Applicant must show harm, that is he must prove by a preponderance of evidence that the error contributed to his conviction or punishment. The error of Jackson's trial defense attorney's failure to object to State Prosecutor's presenting photographs of the crime scene by the Complaining Witness and by someone from the Harris County District Attorney's Office contributed

- 19 -

to Petitioner's conviction, because the photographs were presented as evidence for the State which had an effect on the jury's verdict. Even the Officer Mohammed A. Khan testified stating that none of the photographs presented by the State were taken by any member of the HPD the night the Crime Scene Unit was at the scene of the so called incident where "I" Jackson was shot. See Appendix Document, <u>Trial transcript Testimony</u> of Officer M. A. Khan <u>Page No. 108.</u>

In order for the jury to find Petitioner guilty, the jury had to believe that the photographs presented by the State were the actual crime scene caused by Petitioner Jackson's actions. Petitioner Jackson has provided a sufficient record that supports every allegation asserted within this, his Petition For Writ of Habeas Corpus. See Citing: <u>Ex parte Chandler</u>, 182 S.W.3d 350, 353 Tex Crim App 2005.

Petitioner's jurisdiction defect claim, void judgment claim and Constitutional rights violation claim of unlawful confinement along with his actual innocence claim is cognizibil by way of a post-conviction petition for writ of habeas corpus which is the only remedy by law to present Petitioner's above said claims.

<u>Ex parte Davis</u>, 747 S.W.2d 216, 223(Tex Crim App 1996) Because the Court's authority to issue a writ of habeas corpus stem from Article 1 and 5, Texas Constitution which provides that subject to such regulations as may be prescribed by law the Court of Criminal Appeals and the judges thereof shall have the power to issue writ of habeas corpus. Therefore, since Petitioner Jackson has presented this petition for writ of habeas corpus as a collateral attack, attacking his void judgment, jurisdiction, Constitutional Rights Violations and Actual Innocence Claim, the Court of Criminal Appeals so consider the factual allegations of each above said claim, and give a written

- 20 -

ruling on the merits of Petitioner's Claims. Tex App Tyler 2001. Where a void judgment has been rendered and the record reflects it invalidity, the Trial Court has the duty to Set Aside the judgment even if the petition does not satisfy all the requisites of a Bill of Review. Thompson v. Ballard, 149 S.W.3d 161.

## Statement of the Case

Petitioner has no other adequate remedy by law, except by petitioning the Court for a Writ of Habeas Corpus.

## Petitioner's Request

Petitioner respectfully requests that the Court of Criminal Appeals examine the State Court records and his Petition presented that supports his claims, and should the Court find that Petitioner's claims and factual allegations are sufficient to support his eligibility for a Writ of Habeas Corpus, that the Court of Criminal Appeals GRANT Petitioner's petition for a writ of habeas corpus, and remand the writ to the 183rd District Court of Harris County, Houston, Texas, with an order ORDERING the presiding judge to VACATE the void judgment and ORDER Petitioner Samuel Roy Jackson RELEASED IMMEDIATELY from the custody of Warden Jamie Baker and the Director, Rick Thaler, from the TDCJ-CID Nathaniel J. Neal Unit in Potter County, Amarillo, Texas, where Petitioner Jackson is currently incarcerated.

Respectfully submitted,

Samuel Roy Jackson
TDCJ-ID# 1268721
Neal Unit
9055 Spur 591
Amarillo, TX 79107-9696

PETITIONER, Pro Se.

- 21 -

## Declaration of Penalty Under Perjury

I; Samuel Roy Jackson, hereby declare under penalty of perjury that the allegations and information asserted with this petition for writ of habeas corpus are true and correct according to my knowledge.

SIGNED this the _____ day of _____, 2015.

_____
Samuel Roy Jackson
TDCJ-ID# 1268721

PETITIONER / APPLICANT, Pro Se.

## CERTIFICATE OF SERVICE

I, Smauel Roy Jackson, TDCJ# 1268721, Petitioner, hereby certify that a true and correct copy o Petitione For Writ of Habeas Corpus was served upon the 183rd District Court, 1201 Franklin, Harris County, Houston, Texas 77002 on this the _23rd_ day of _April_, 2015, by placing same in the Neal Unit Prison Mailbox.

SIGNED this the _18th_ day of _April_, 2015.

Samuel Roy Jackson
TDCJ ID# 1268721

PETITIONER / APPLICANT

APPENDIX COVER SHEET

APPENDIX DOCUMENTS OF THE
HARRIS COUNTY DISTRICT CLERK RECORDS
FILED UNDER AGGRAVATED ROBBERY CAUSE #913043
IN THE 183rd JUDICIAL DISTRICT COURT
HARRIS COUNTY, HOUSTON, TEXAS

DOCUMENT (A) Aggravated Robbery Complaint Cause #913043

DOCUMENT (B) Harris County Online Public Record
(183rd District Court Agg Robbery Docket Text)

DOCUMENT (C) Assistant District Attorney, Brad Hart's State Subpoena

DOCUMENT (D) Houston Police Report No. 072416202

DOCUMENT (E) 183rd District Court's Report Trial Transcript Page #99

DOCUMENT (F) Aggravated Robbery Indictment #913043

DOCUMENT (G) Aggravated Robbery #913043 Judgment Plea Before Jury Sheet

DOCUMENT (H) Judge Joan Huffman's Order to Serve 35 Year Sentence Cause #913043

DOCUMENT (I) Judge Joan Huffman's Writ Order to Harris County Sheriff
(Sheriff, Tommy Thomas)

DOCUMENT (J) Burglary of a Building #0952420 Docket Text

DOCUMENT (K) Burglary of a Building Writ Order to Sheriff

DOCUMENT (L) Motion to Set Aside Indictment

CERTIFICATE OF AUTHENTICATED DOCUMENTS
DECLARATION OF PENALTY UNDER PERJURY

I, Samuel Roy Jackson, TDCJ# 1268721, hereby certify and declare under penalty of perjury that the above said documents are authenticated copies of the Harris County District Clerk's Office of Chris Daniel, filed under Aggravated Robbery Cause No. 913043, in the 183rd District Court of Harris County, Houston, Texas.

SIGNED this the 18th day of April, 2015.

*Samuel R. Jackson*
Samuel Roy Jackson
TDCJ-ID# 1268721

PETITIONER / APPLICANT, Pro Se.

- 24 -

HE STATE OF TEXAS
S.

AMUEL ROY JACKSON                SPN: 00386651                 D.A. LOG NUMBER:774777
119 AREBA                                                                          CJIS TRACKING NO.:9033032694-A001
OUSTON, TX                       DOB: BM 03/05/56              BY: TW  DA NO: 001827741
                                 DATE PREPARED: 5/24/02        AGENCY:HPD
                                                               O/R NO: 072416202M
                                                               ARREST DATE: 05/24/02

CIC CODE: 1204 04                RELATED CASES:

LONY CHARGE:  AGGRAVATED ROBBERY
AUSE NO:          913043                                       BAIL: $30,000
ARRIS COUNTY DISTRICT COURT NO:      183                       PRIOR CAUSE NO:
RST SETTING DATE:

---

THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

fore me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says
t he has good reason to believe and does believe that in Harris County, Texas, **SAMUEL ROY JACKSON**, hereafter styled the Defendant,
etofore on or about **MAY 24, 2002**, did then and there unlawfully while in the course of committing theft of property owned by LARRY
JTZLER and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place LARRY SEITZLER in
r of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit: A KNIFE.

Exhbit Document (A)

AINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on **May 24, 2002**

_____               _____    _____
FIANT                                  ASSISTANT DISTRICT ATTORNEY           BAR NO.
                                       OF HARRIS COUNTY, TEXAS.

COMPLAINT

000002

Exibit (8) Document

## Case Transactions (QDOC)

| | |
|---|---|
| Name: | JACKSON, SAMUEL ROY |
| Case Number: | 091304301010 |
| Offense: | ROBBERY (AGG ROBBERY-DEADLY WPN) |
| Bond Amount: | $0 |
| Case Status: | COMPLETE-FINAL DISPOSITION NO ACTIVITY EXPECTED |
| Defendant Status: | DISPOSED |
| Case Disposition: | DISPOSED |
| Case Completion Date: | 10/28/04 |
| Last Instrument Filed: | ON APPEAL CCA |
| Court: | 183 |
| File Date: | 05/24/02 |
| Court Setting Date: | 10/29/04 |

```
DF
04/17/06  APPEAL            MANDATE AFFIRMANCE              SNU: 987
04/17/06  APPEAL            OPINION FILED                  SNU: 988
08/01/05  APPEAL            DIS ATTY - CHECKED IN RECO     SNU: 989
08/01/05  APPEAL            STATES BRIEF                   SNU: 990
07/11/05  APPEAL            RECORD CHECKED OUT - D.A.      SNU: 991
07/08/05  APPEAL            DEF ATTY - CHECKED IN RECO     SNU: 992
03/24/05  APPEAL            RECORD CHECKED OUT - DEFEN     SNU: 993
03/09/05  APPEAL            STATEMENT OF FACTS             SNU: 994
02/15/05  APPEAL            MAILED TO FIRST COURT OF A     SNU: 995
11/01/04  APPEAL            FIRST COURT OF APPEALS - C     SNU: 996
10/28/04  APPEAL            PAUPERS AFFIDAVITT             SNU: 997
10/28/04  APPEAL            SENTENCE IMPOSED               SNU: 998
10/28/04  APPEAL            NOTICE OF APPEAL               SNU: 999
02/25/05  APPEAL            -NEXT-  TRANSMIT TRANSCRIPT DUE
05/24/02  COMPLAINT FILED   1213 183 AGG ROBBERY-DEADLY WPN  LEVEL F1
05/24/02  BOND SET          $30000                         SNU: 999
05/24/02  REVIEWED BY       MARKLAND, RAHFAAN CLIVE
05/24/02  ORI: HOUSTON POLICE DEPAR  OFFENSE NO: 0724162O2M
05/24/02  COMPLAINANT -     KHAN, M.A
06/11/03  ATTI              TIME 1123 AMOUNT      $0       SNU: 998
06/11/03                    NOT ACKNOWLEDGED BY SHERIFF
05/25/02  CMIF              TIME 1015 AMOUNT  $50000       SNU: 999
05/25/02                    NOT ACKNOWLEDGED BY SHERIFF
07/25/02  GRAND JURY ACTION FID    07/25/02  G230         SNU: 999
07/25/02  GRAND JURY ACTION ROTATION CRT 183  OFF FREQ T BND      $0
07/25/02  GRAND JURY ACTION OFFENSE AGG ROBBERY-DEADLY WPN   LEVEL F1
07/25/02  ORI: HOUSTON POLICE DEPAR  OFFENSE NO: 0724162O2M
10/29/04  ATTORNEY          CROWLEY, JAMES SIDNEY          SNU: 998
10/29/04  ATTORNEY          AAA COURT 183                  CFI  183
10/29/04    JUDGE           HUFFMAN, JOAN                  PRESIDING
05/28/02  ATTORNEY          SCOTT, ROBERT R.               SNU: 999
05/28/02  ATTORNEY          AAT COURT 183                  CFI  183
```

APPLICATION FOR SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT
Brad Hart, 713-755-6150 - August 6, 2004

No.952420

| The State Of Texas | In The District Court No 183rd |
| vs | Of Harris County, Texas |
| Samuel Roy Jackson | Offense Burlary of a Building |

Please issue a subpoena in the above styled cause for the following named witness(es) whose location in Harris County and vocation, as far as known, I state below

Houston Police Department OR#072416202
ZA Brown #11632
MA Kahn #113967
A Miller #106163
R Calderon #86814
KD Franklin #83416
DA Ryza #55248
NW Kiesewetter #97585
WC Sheldon #38788 Re L/L#3814-02
M Lyons #98709
LA Hwa #109051
**Personal Service Requested – to be served by DA Investigator**
Charlene Maxey – 3434 W Little York #2307, Houston, Texas

Please contract ADA Brad Hart at 713-755-6150, upon receipt

Unofficial Copy Office of Chris Daniel District Clerk

FILED
BACARISSE
Clerk

AUG 0 9 2004

Texas

By _____ Deputy

if found in your county, to appear before the Honorable **Joan Huffman**, District Court No 183rd, Harris County, Texas, on **October 25, 2004 at 8 45 a m**, to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and Samuel Roy Jackson is the Defendant, and to remain there from day to day, term to term until discharged by the Court The testimony of said witness(es) is believed to be material to the State

Brad Hart, 713-755-6150
Assistant District Attorney
Harris County, Texas

Sworn to and subscribed before me, this _____ day of _____ A D 2003

CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS                          BY _____ Deputy

APPLICATION FOR SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT
Brad Hart, 713-755-6150 - August 6, 2004

No **952420**

The State Of Texas                                  In The District Court No **183rd**
vs                                                  Of Harris County, Texas
**Samuel Roy Jackson**                              Offense **Burlary of a Building**

Please issue a subpoena in the above styled cause for the following named witness(es) whose location in **Harris** County and vocation, as far as known, I state below

Larry Seitzler, PO Box 70170, Houston, Texas 77270

Please contract ADA Brad Hart at 713-755-6150, upon receipt

Unofficial Copy Office of Chris Daniel District Clerk

FILED
CHARLES BACARISSE

AUG 0 9 2004

Harris Co., Texas

By_____
Deputy

if found in your county, to appear before the Honorable **Joan Huffman**, District Court No **183rd**, Harris County, Texas, on **October 25, 2004** at 8 45 a m , to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **Samuel Roy Jackson** is the Defendant, and to remain there from day to day, term to term until discharged by the Court  The testimony of said witness(es) is believed to be material to the State

_____
**Brad Hart, 713-755-6150**
Assistant District Attorney
Harris County, Texas

Sworn to and subscribed before me, this _____ day of _____ A D 2003

CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS                    BY _____ Deputy

HOUSTON POLICE DEPARTMENT                    FRONT PAGE
OFFENSE REPORT            Incident no. 072416202 M

ffense- AGG.ROBBERY  D/W
remises- COMMERCIAL BUILDING          Weather- CLOUDY

ocation: Street no- 002001  Name- KARBACH
        Type-          Suffix-    Apt no- S
   City-HOUSTON          County-HARRIS          Kmap-451V Dist- 3 Beat- 3B10
ighborhood code-00253 Desc-FAIRWAY PARK,HEMPSTEAD GARDENS;DEAUVILLE PLAZA

egin date- FR 05/24/02 Time- 0004  End date-      /  /   Time-
eived/Employee: Name-LAPTOP            No.-        Date-05/24/02 Time-0636
-----------------------------------------------------------------------

COMPLAINANT(S)

01 Business name-REALTY
   Address-2001 KARBACH #S;HOUSTON,TX 77092
   Phone: Home-(000) 000-0000 Business-(713) 476-9302 Ext-

02 Name: Last-SEITZLER        First-LARRY        Middle-WAYNE
   Race-W Sex-M Age-51 Hispanic-N
   Address-2001 KARBACH #S;HOUSTON,TX 77092
   Phone: Home-(713) 476-9302 Business-(000) 000-0000 Ext-

-----------------------------------------------------------------------

ARTICLES

   01 Disposition-DAMAGED      Property tag no-0-0000-00 Complainant no-01
   Item type-DOOR              UCR class-00
   Serial number-             Value-$    500.00
cription-THE FRONT GLASS DOOR WAS BROKEN BY A SMASHING OBJECT.  THE GLASS ON
 DOOR WAS SMASHED.
   NCIC misc-GLASS/                            NCIC case-

   02 Disposition-DAMAGED      Property tag no-0-0000-00 Complainant no-01
   Item type-COMPUTER          UCR class-00
   Brand-COMPAQ         Model-5000 A
   Serial number-             Value-$   1200.00

*Exibit Document (D)*

## DETAILS OF OFFENSE

try-DOOR-GLASS BREAK
it-SAME AS ENTRY                    Instrument used-SMASHING OBJECT

MPLAINANT #01 IS A BUSINESS.   COMPLAINANT #02 LIVES AT THE LOCATION OF
MPLAINANT #01.   SUSPECT #01 BURGLARIZED COMPLAINANT #01 WHILE COMPLAINANT #02
S THERE. COMPLAINANT #02 SHOT SUSPECT.   SUSPECT #01 AND #02 FLED THE SCENE.
) SUSPECTS / BOTH SUSPECTS ARRESTED. EVIDENCE WAS TAGGED.   NO WITNESSES.

ficer1: Name-ZA BROWN           Employee no-        Shift-3
ficer2: Name-MA KHAN            Employee no-        Shift-3

ision/Station #-NORTH/STA 1   Unit #-3B15N

l received: Date-05/24/02 Time-0007 Report accepted: Date-05/24/02 Time-0647

do with it?

A. collect it, place it, check it for fingerprints, see if there's any type of print on it, and if there's not we usually take it to the evidence, the property room, and tag it with a case number.

Q. Is that what you did in this case as far as taking it, tagging it, and putting it in the property room?

A. Yes.

Q. And you're not a fingerprint person are you, I mean, a person who takes fingerprints?

A. No, sir.

Q. So you didn't do that with this State's No. 11, you didn't take the prints off it?

A. I didn't.

Q. Did you request that be done?

A. Yes, sir.

Q. To your knowledge was that done?

A. A unit was dispatched and that unit found no prints on the knife.

Q. Now, we've talked about the Complainant taking you inside showing you what happened, you recovered the weapon. What do you do then? What happens then?

A. Usually we gather all the things that we're going to take to the property room and get the statement and, you know, we don't find any suspect then we just basically start the

THE STATE OF TEXAS

VS.

SAMUEL ROY JACKSON **230rd GJ**
3119 AREBA
HOUSTON, TX

SPN: 00386651
DOB: BM 03 05 56
DATE PREPARED: 7/24/02

D.A. LOG NUMBER:774777
CJIS TRACKING NO.:9033032694-A001
BY: mkb  DA NO: 1827741
AGENCY:HPD
O/R NO: 72416202-M
ARREST DATE: 05 24 02

NCIC CODE: 1204 04               RELATED CASES:

FELONY CHARGE: AGGRAVATED ROBBERY
CAUSE NO: 913043
HARRIS COUNTY DISTRICT COURT NO: 183
FIRST SETTING DATE:

*N'O Bond or 245. ge 25/AX GM*
BAIL: $30,000.00
PRIOR CAUSE NO:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, SAMUEL ROY JACKSON, hereafter styled the Defendant, heretofore on or about MAY 24, 2002, did then and there unlawfully, while in the course of committing theft of property owned by Larry Seitzler and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place Larry Seitzler in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit: a knife.

*21 la*

Before the commission of the offense alleged above, (hereafter styled the primary offense), on January 22, 1997, in Cause No. 9825, in the 344th District Court of Chambers County, Texas, the Defendant was convicted of the felony of burglary of a habitation.

Before the commission of the primary offense, and after the conviction in Cause No. 9825 was final, the Defendant committed the felony of burglary of a habitation and was finally convicted of that offense on June 29, 2000, in Cause No. 819158, in the 174th District Court of Harris County, Texas.

*Exibit Document (F)*

GAINST THE PEACE AND DIGNITY OF THE STATE.

**230th**                    **FOREMAN**

FOREMAN OF THE GRAND JURY

INDICTMENT

000003



P2

# JUDGMENT ON PLEA BEFORE JURY
## COURT/JURY ASSESSING PUNISHMENT

CAUSE NO. 913043

THE STATE OF TEXAS
VS.

**Samuel Roy Jackson**
(Name of Defendant)

AKA _____

IN THE **183** DISTRICT COURT

COUNTY CRIMINAL COURT
AT LAW NO. _____

OF HARRIS COUNTY, TEXAS

| Date of Judgment: 10-28-04 | Date Sentence Imposed: 10-28-04 | Sentence to Begin: 10-28-04 | Date of Offense: 5-24-02 |

Attorney for State: **BHart**

Attorney for Defendant: **BScott**

☐ Defendant Waived Counsel

Offense Convicted of: **agg robbery with deadly weapon**

☐ A MISDEMEANOR, CLASS: A | B | C    ☒ A FELONY, DEGREE: SJ | 3rd | 2nd | (1st) | CAPITAL

Jury Verdict: GUILTY    Foreperson: **W Sylvester**

(Circle appropriate selection — N/A = not available or not applicable)

Plea to Enhancement Paragraph(s):
1st Paragraph (True) | Not True | N/A
2nd Paragraph (True) | Not True | N/A
Charging Instrument: Complaint | (Indictment) | Information

Findings on Enhancement(s):
1st Paragraph (True) | Not True | N/A
2nd Paragraph (True) | Not True | N/A
Plea: (Guilty) | Nolo Contendere | (Not Guilty)

Affirmative Findings:

Deadly Weapon: Yes | No (N/A)    Family Violence: Yes | No | N/A    Victim Selected by Bias/Prejudice: Yes | No | N/A    Victim Younger Than 17 years: Yes | No (N/A)    Controlled Substance Used to Commit Crime: Yes | No (N/A)

Punishment Imposed by COURT / (JURY)
and Place of Confinement: **35 yr**    (Mark all that apply)

☒ Institutional Division, TDCJ
☒ State Jail Division, TDCJ
☐ Harris County Jail
☐ Fine Only

☐ Sentence suspended, Defendant placed on community supervision for **n/a**

☐ SEE SPECIAL INSTRUCTIONS, incorporated herein by reference.

Fine in the Amount of $ **n/a**

| Time Credited: 888 | days toward incarceration n/a | days toward fine and costs n/a | days toward incarceration, fine and costs | COURT COSTS: $ 283 |

(Mark appropriate selections below, if applicable)

☐ Name changed from _____

☐ Judgment Addendum incorporated herein by reference.

☐ Driver's license is suspended for a period of _____ days/months/years.

☐ The Defendant is entitled to _____ days credit toward suspension of driver's license.

☐ It is ordered by the Court, that any weapon(s) seized in this case is/are hereby forfeited.

☐ Educational program waived in accordance with Article 42.12 Sec. 13 (h), upon a finding of good cause by the Court.

☐ In accordance with Section 12.44(a), Penal Laws of Texas, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. The Defendant is adjudged to be guilty of a state jail felony and is assessed the punishment indicated above.

☐ In accordance with Section 12.44(b), Penal Laws of Texas, the Court authorizes the prosecuting attorney to prosecute this cause as a Class A misdemeanor. The Defendant is adjudged to be guilty of a Class A misdemeanor and is assessed the punishment indicated above.

CRIMCSCB32 03/22/2000    1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Exibit Document (H)

903303-694 ✓                                    ~Jackson

This cause being called for trial in Harris County, Texas, unless otherwise referenced, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above; or the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above in writing in open court, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent and having pleaded as shown above to the charging instrument, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreperson and eleven others for a felony offense indicated above or the above named foreperson and five others for a misdemeanor offense indicated above, was duly selected, impaneled, and sworn, the jury having heard the charging instrument read and the Defendant's plea thereto and having heard the evidence submitted and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and the defendant's counsel, if any, being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

The Defendant having previously elected, in writing and at the time of his plea, to have punishment assessed as indicated above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court; they retired to consider such question and after having deliberated they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed punishment of the Defendant as shown above.

IT IS CONSIDERED, ORDERED, AND ADJUDGED by the Court, in the presence of the Defendant, that the said judgment be and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and said Defendant as indicated above. Further, the Court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, code of Criminal Procedure.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Institutional Division or the State Jail Division of the Texas Department of Criminal Justice (TDCJ) that the Defendant be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division or the State Jail Division, TDCJ, or any other person legally authorized to receive such convicts, and said Defendant shall be confined in the Institutional Division or State Jail Division, TDCJ for the period indicated above, in accordance with the provisions of the law governing the Institutional Division or State Jail Division, TDCJ. The Defendant is remanded to the custody of the Sheriff of Harris County until said Sheriff can obey the directions of this sentence.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Harris County Jail that the Defendant is remanded to the custody of the Sheriff of Harris County, Texas, unless the Defendant is instructed to voluntarily surrender to the Sheriff on the date the sentence is to begin, as indicated above. The Sheriff shall confine the Defendant in the Harris County Jail for the period indicated above, and until the fine and costs are fully satisfied in accordance with law.

IT IS ORDERED by the Court that if the punishment assessed against the defendant is for a fine only, the Defendant is ordered to immediately proceed to the Office of the Harris County Sheriff and pay all fine and court costs as ordered by the Court in this cause, unless the Court orders the Defendant to be committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to begin, as indicated above, to be confined in the Harris County Jail until the fine and costs are fully satisfied in accordance with law; or as indicated above.

IT IS ORDERED by the Court that the sentence indicated above is to be executed, unless it is indicated above that the sentence is to be suspended, and if so, the Defendant is placed on community supervision for the period indicated above pending his abiding by and not violating the terms and conditions of his community supervision.

IT IS ORDERED by the Court that this sentence runs concurrent with any other sentence(s) unless it is indicated on the Judgment Addendum that the sentence is to run cumulatively.

Signed and entered on **10-28-04**

X _Joan Huffman_

JUDGE PRESIDING

Community Supervision
Expires on: _____

Notice of Appeal: **10-28-04**

Mandate Received: **4-17-06 affirmed**

After Mandate Received, Sentence to Begin Date is: **10-28-04 w/ 888 days credit**

Received on _____ at _____ AM | PM.
Sheriff, Harris County, Texas

By:_____ Deputy

| Entered | 4/4/98 |
| Verified | |
| LCBT | PS |
| LCBU | PD |

SPECIAL INSTRUCTION OR NOTES: _____
_____
_____
_____
_____

Right Thumbprint

THE STATE OF TEXAS *Exibit Document (I)*          NO. 091304301010

VS.                                              IN THE 183 DISTRICT COURT

ACKSON, SAMUEL ROY         BOOKED 5-25-02        OF HARRIS COUNTY, T E X A S
ACKSON, SAMUEL ROY

ACKSON, SAMUEL ROY                                              APPEAL

AUSE NUMBER: 091304301010          OFFENSE: AGG ROBBERY-DEA
EARS TDC: 0035                     DATE SENTENCED: 10/28/04
PN.: 00386651          SID.: TX01985103    DOB: 03/05/56    RACE: B    SEX: M
ELL: 7F4 01C          HOLD: BOPP
          07

O THE SHERIFF OF HARRIS COUNTY - GREETINGS:

YOU WILL DELIVER TO THE DIRECTOR OF THE DEPARTMENT OF CRIMINAL JUSTICE, IN-
TITUTIONAL DIVISION OF THE STATE OF TEXAS OR HIS AUTHORIZED AGENT, THE ABOVE
MED PRISONER IN YOUR OFFICIAL CUSTODY, HAVING BEEN SENTENCED TO THE TEXAS DE-
ARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION AND ARE DIRECTED TO ATTACH
 THE COMMITMENT PAPERS A STATEMENT ASSESSING THE DEFENDANT'S CONDUCT WHILE IN
IL.

BE DELIVERED, HAVING GIVEN NOTICE OF APPEAL TO THE COURT OF APPEALS,
USTON, TEXAS, PENDING MANDATE FROM SAID COURT.
D THIS WILL BE YOUR AUTHORITY FOR SO DOING.

HEREIN FAIL NOT, BUT OF THIS WRIT THEN AND THERE MAKE DUE RETURN, SHOWING HOW
U HAVE EXECUTED THE SAME. IF NOT EXECUTED WITHIN 90 DAYS FROM DATE HEREOF, YOU
ALL NOTIFY SAID COURT, IN WRITING, THE CAUSE OF FAILURE AND WHAT EFFORTS HAVE
EN MADE TO EXECUTE SAME.

                        WITNESS MY SIGNATURE AND SEAL OF OFFICE,
                        ON THIS THE 28TH DAY OF OCTOBER    A.D. 2004
                        CHARLES BACARISSE
                        DISTRICT CLERK  HARRIS COUNTY, TEXAS

                        BY _____
                                                        DEPUTY

ITIATING DEPUTY:
 STACY, BRANDY
 SNU: 999

                        SHERIFF'S RETURN

RECEIVED THIS WRIT ON THE _28_ DAY OF _October_ A.D. _2004_ AND I EXECUTED THE
ME ON THE _30_ DAY OF _November_ A.D. _2004_ BY DELIVERING THE BODY OF THE WITHIN
MED PERSON TO THE DIRECTOR OF THE TEXAS DEPARTMENT OF THE CORRECTIONS.

    TOMMY THOMAS
    SHERIFF OF HARRIS COUNTY, TEXAS
                                                        NOV 0 3 2004
    BY _____
                        DEPUTY            ORIGINAL TO TDCJ-ID DATE: _____




Exibit Document (J)

# Case Transactions (QDOC)



**Name:** JACKSON, SAMUEL ROY
**Case Number:** 095242001010
**Offense:** BURGLARY (BURGLARY OF A BUILDING)
**Bond Amount:** $0
**Case Status:** DISM-DISMISSED
**Defendant Status:** DISPOSED
**Case Disposition:** DISMISSED
**Case Completion Date:** 10/28/04
**Last Instrument Filed:** REINDICTMENT
**Court:** 183
**File Date:** 06/18/03
**Court Setting Date:** 10/28/04

```
DG
06/18/03  CI/IND              TIME 1532 AMOUNT        $0        SNU: 999
06/18/03                      ACKNOWLEDGED BY SHERIFF
06/20/03  SERVICE ACTIVITY    BY PLACING DEF IN JAIL      ON 06/19/03
06/20/03                      RECEIPTED BY CLERK
06/18/03  GRAND JURY ACTION   TAB   06/18/03  1248        SNU: 999
06/18/03  GRAND JURY ACTION   ROTATION CRT 183  OFF FREQ T BND      $0
06/18/03  GRAND JURY ACTION   OFFENSE BURGLARY OF A BUILDING   LEVEL FS
06/18/03  ORI: HOUSTON POLICE DEPAR   OFFENSE NO: 072416202M
07/10/03  ATTORNEY            SCOTT, ROBERT R.            SNU: 999
07/10/03  ATTORNEY            AAT COURT 183               CFI  183
07/10/03    JUDGE             HUFFMAN, JOAN                PRESIDING
10/28/04  C87 ACTIVITY        DISM OTHER   STATUS D   CFI 183  SNU: 999
10/29/04  MOTIONS             PROSE WRIT MANDAMUS         SNU: 988
10/29/04  MOTIONS             FILED                       CFI  183
10/26/04  MOTIONS             ELECTION - JURY             SNU: 989
10/26/04  MOTIONS             FILED                       CFI  183
10/22/04  MOTIONS             MO ADOPT MO.                SNU: 990
10/22/04  MOTIONS             FILED                       CFI  183
10/22/04  MOTIONS             NOT-FILING BUSI REC         SNU: 991
10/22/04  MOTIONS             FILED                       CFI  183
06/28/04  MOTIONS             PROSE WHC                   SNU: 992
06/28/04  MOTIONS             FILED                       CFI  183
06/17/04  MOTIONS             PROSE MO DISC GJ TRA        SNU: 993
06/17/04  MOTIONS             FILED                       CFI  183
05/07/04  MOTIONS             PROSE WRIT OF MAN           SNU: 994
05/07/04  MOTIONS             FILED                       CFI  183
03/11/04  MOTIONS             PROSE MO WRIT               SNU: 995
03/11/04  MOTIONS             FILED                       CFI  183
01/12/04  MOTIONS             PROSE MO SET ASIDE          SNU: 996
01/12/04  MOTIONS             FILED                       CFI  183
12/22/03  MOTIONS             PROSE MO DISM ATTY          SNU: 997
12/22/03  MOTIONS             FILED                       CFI  183
08/04/03  MOTIONS             ADOP MOTION FILE            SNU: 998
```

```
08/04/03   MOTIONS           FILED                          CFI   183
08/04/03   MOTIONS           TRANSCRIPTION                  SNU: 999
08/04/03   MOTIONS           FILED                          CFI   183
06/18/03   PRECEPT/SERVE IND DATE RETURNED 06/20/03   HOW EXECUTED E
DATE SERVED    06/19/03
10/28/04   COURT ORDER       DISMISSAL                      SNU: 999
10/28/04   DISMISSAL REASON   DEFENDANT CONVICTED ON ANOTHER CHARGE
```

Persons Connected (QCOC)        Case Settings (QSET)

Case Summary (QCAS)

Subscr    Access Coordinator
/12/2011 13:34 PM

Exibit      DOCUMENT (J)

CAUSE NO. 095242001010

THE STATE OF TEXAS   VS.

JACKSON, SAMUEL ROY          **JUN 19 2003**

DOB: 03/05/1956

IN THE 183 DISTRICT COURT
OF HARRIS COUNTY, TEXAS

BAIL $ 0

FIRST SETTING:

=================================================================================
SPN: 00386651   AGENCY FILING: HPD  O/R NO. 072416202M
ARREST DATE:           TID#: 111111100          *J 00386651*
=================================================================================

TO ANY PEACE OFFICER OF THE STATE OF TEXAS:


YOU ARE HEREBY COMMANDED TO ARREST JACKSON, SAMUEL ROY IF HE IS TO BE
FOUND IN YOUR COUNTY, AND HIM SAFELY KEEP, OR SO PROVIDE THAT YOU HAVE HIM
BEFORE THE HONORABLE 183 DISTRICT COURT IN AND FOR SAID COUNTY OF HARRIS, AT
THE COURTHOUSE THEREOF IN THE CITY OF HOUSTON,

                    I N S T A N T E R

THEN AND THERE TO ANSWER THE STATE OF TEXAS UPON REINDICTMENT
PENDING IN SAID COURT CHARGING HIM WITH BURGLARY OF A BUILDING

                    A FELONY

FILED IN SAID COURT ON 06/18/2003.

HEREIN FAIL NOT, BUT OF THIS WRIT THEN AND THERE MAKE DUE RETURN, SHOWING
HOW YOU HAVE EXECUTED SAME.  IF NOT EXECUTED WITHIN 90 DAYS FROM DATE
HEREOF, YOU SHALL NOTIFY SAID COURT IN WRITING, THE CAUSE OF THE FAILURE,
AND WHAT EFFORTS HAVE BEEN MADE, TO EXECUTE SAME.

IN WITNESS WHEREOF, THEREUNTO SET MY HAND AFFIX THE SEAL OF THE COURT, AT
OFFICE IN HOUSTON, TEXAS ON 06/18/2003 AT 21056..

                    CHARLES BACARISSE, DISTRICT CLERK
                    HARRIS COUNTY, TEXAS

                    BY _____
                                      DEPUTY

INITIATING DEPUTY: JOHNSON, DANA MONET

                    RETURN

WRIT RECEIVED _____June____ 19 2003 AT 126 O'CLOCK AND EXECUTED BY
ARRESTING THE DEFENDANT AND (1) PLACING HIM IN JAIL IN HARRIS COUNTY, TEXAS
ON ____June____ 19 , 2003 , AT 404 O'CLOCK, OR (2) ACCEPTING
HIS BOND, OR (3) UNEXECUTED BECAUSE _____
(CROSS OUT INAPPLICABLE ACTION).

SHERIFF OF HARRIS COUNTY, TEXAS
BY _Clerk C. Williams_   W5745    6-19-03
   DEPUTY                 BADGE NO.          DATE

Unofficial Copy Office of Chris Daniel District Clerk

CAUSE NO. _95287*20_  CHARGE _Burg of Bldg_

THE STATE OF TEXAS  _183_ DISTRICT COURT

VS.  OF HARRIS COUNTY, TEXAS

_Samuel Ray Jackson_

Defendant

TO THE HONORABLE JUDGE OF SAID COURT: (check one)

☐ _____ (name), the **DEFENDANT** in the above styled and numbered cause respectfully petitions the Court to appoint counsel to represent him / her in this cause and would show the Court that he / she is financially unable to hire an attorney

_custody (quarantine)_
Defendant

☐ _____ (name), a **WITNESS** in the above styled and numbered cause respectfully petitions the Court to appoint counsel to represent him / her in the interests of justice and would show the Court that he / she is financially unable to hire an attorney

_____,
Witness

JUL 1 0 2003

Sworn to and subscribed before me on this, the _____ day of _____, 200___.

FILED
CHARLES BACARISSE
District Clerk
JUL 1 0 2003
Harris County, Texas
Deputy

_____,
Deputy District Clerk
Harris County, Texas

### ORDER APPOINTING COUNSEL

By On this, the _10_ day of _July_, 200_3_ the Court determined that the above named defendant / witness has executed an affidavit stating that he / she is without counsel and is financially unable to hire an attorney. The Court ORDERS that the attorney listed below is appointed to represent the defendant / witness named above in this cause.

_Robert Scott_
Attorney

_5605 2nd_
Address

_Katy_  _77493_
City  State  Zip

E-Mail Address

| 1 | 7 | 9 | 1 | 2 | 0 | 0 | 9 |

Bar Card/SPN Number

| 2 | 8 | 1 | . | 3 | 9 | 2 | . | 2 | 1 | 4 | 1 |

Phone Number

_refile of 9/30/3_

| | | | - | | | - | | | | |

Fax Number

The Court further ORDERS the cause set for : _NI_
on the _____ day of _8-1-03_, 200___ at 9:00 a.m. at 1201 Franklin, Houston, Harris County, Texas.

Signed this _10th_ day of _July_, 200_3_

_____,
Judge Presiding

Unofficial Copy Office of Chris Daniel District Clerk

V4211 P0001

DISTRICT CLERK

No. 91~~ ~~3 And 952420

In The 183rd Judical District Court
Harris County Texas

The State of Texas
Vs
Samuel Roy Jackson

Motion To Set Aside Indictments

To The Honorable
Judge of said Court

Comes Now Samuel Roy Jackson, Defendant in The above entitled Cause and Prior To His annoucement of ready moves The Court to dismiss The Criminal Indictments Filed against Him in The above entitled and numbered cause 913043 and 952420, By Virtue of The Fourth Amendment and The Fourteenth Amendment Due Process Clause of The United States Constitution, Art 38.03 Tex Code Crim Pro Ann as Amended 1981, Criminal law 213 Vernon's Ann St Const Art 1 and 10, Criminal law (Key) 1159.2(2) 1159.2(9) 1159.4(1) Art 36.13, 38.04. In support of This Motion Defendant shows The Court The Following

I

(1). Probable Cause does not support The Indictments
(2). There are no elements That Constitues The Commission of The offense:
(3). The evidence Disproves Guilt
(4). The Indictments are Frivious, Invalid Indictments
(5). There is a Basis in The Records Proving These Facts

ES-085
Δ

Page 1 of 13

Exibit Document (M)

Cause No. 913043 And 952420

In the 183rd Judical District Court
Harris County Texas

The State of Texas
Vs
Samuel Roy Jackson

Motion To discovery And Inspect
evidence

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY TEXAS
2004 JAN -8 PM 12: 19

FOT
BY: MAIL PROCESSING DEPUTY

To The Honorable
Judge of said Court

Comes now Samuel Roy Jackson defendent in
The above styled and numbered cause under The
Authority of Article 39.14 C.C.P and makes this
His motion for discovery And The Inspection of
evidence And in support of this Motion
Defendant shows The Court The Following.

The Defendant moves The Court To order The
District Attorney To Produce And Permit
Inspection of The Copy And Photographing
of, by on The Behalf of the Defendant, The
Following designated items

Unofficial Copy Office of Chris Daniel District Clerk

(1). All statements made by any Party or witness to the Alleged offense, in the Possession of or within the Knowlege of the District Attorney or any Agents, Including law enForcement Agency whether such statements were written or oral which might be any Matieral to either the guilt or Innocence of the DeFendant. or the Punishment, if any such To be set in this Case.

Granted                                    Denied

(2) Any Said Photographs Taken by law enForcement officer's or agencies of the Scene of the Crime not made availiable to the DeFendant, that is with in the Prosecutor's Possession And any All exculpatory evidence or InFormation in Favor of the deFendant's Innocence's

Granted                                    Denied

(3) The Arrest Warrant of DeFendant And any aFFadavits Supporting The Arrest Warrant
Granted                                    Denied

(4) The DeFense Request That a ScientiFic Test Be conducted, For D. N. A Results on the Clothing that was enter Into evidence, DeFense Request To Pay For Testing And To Have

The Result of Testing To Be Handle by a Private Investigator Hired by The Defense

Granted                         Denied

In Further Support Here of The Defendant would show that The Production of Such evidence is the only deer and Pro Method of showing the good Faith of The District Attorney in this cause as well the truth of any such matters which The District Attorney intends to use against The Defendant.

In Support of this motion The Defendant would show the count as Follows.

(1) The Items requested are in The exclusive Possession, custody and control of The State of Texas or The agents, Police or The Prosecuting Attorney's office. and defendant knows The Items requested are not Privlege.

(2) The Defendant cannot safely go to trial without said Information and Inspection can the Defendant Pre Pare The defense To The Charges against Him.

Unofficial Copy Office of Chris Daniel District Clerk

(3) The absent such discovery the Defendant's right under Article 39.14 C.C.P Article 1 Section 10. of the Constitution of the State of Texas and the Fourth, Fifth, Six and the Fourteenth Amendments of the Constitution of the United States of America will Be Violated. To His Right and this deprive the Defendant of a Fair Trial Herein.

Wherefore Premises considered the defendant respectfully Prays that the Court will grant this the Defendant Motion For Discovery and Inspections of evidence and that the Court will set a specific date will in advance of Trial For Compliance by the State, and that the count will make this a Continuing thinking Order that shall Persist through the Trial on the Merits and thereafter through out the Appellate Process if Any.

Respectfully Submitted
Defendant
Samuel R. Jackson

Certificate of Service

This is to Certify that a True and Correct Copy of the Foregoing Instrument was delivered to Assistant District Attorney Court 183 Harris County Texas 1-4-2004.

Unofficial Copy Office of Chris Daniel District Clerk

Exibit Document (N)

The State of Texas          x  In the 183rd
        Vs                  x  Judical District Court
Samuel Roy Jackson          x  Harris County Texas

FILED
CHARLES LUCARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2004 JAN 8  PM 12:13
BY _____ FOR
MAIL PROCESSING DEPUTY

Motion To Dismiss Court Appointed
            Attorney.

To The Honorable
Judge of said Court.

Comes Now Samuel Roy Jackson, Defendant
in The above entitled and number Cause,
and moves The Court For an Order To
Dismiss The Defendant's Court Appointed
Counsel of record an allow The said
Defendant To Exercise His Constitutional
right to represent Himself. Defendant is
Knowlegible of The law and Understand its
Concept and In Support of This Motion
The Defendant shows That.

                I

The Defendant is presently represented
in This Cause by Attorney Robert Scott
whom The Court Appointed Some months
Previous To The date of Filing This
Motion.

II

That the aforesaid Robert Scott, Has Failed, and is Continuing to Fail, to Provide Defendant with the reasonable effective Assistance of Counsel He is entitled to According to the Six Amendment of the United State of America Constitution, and the State of Texas Constitution.

The Attorney Robert Scott Has Failed Time and Time Again To File Any Motion to Protect and Preserve the Constitutional Rights of Said Defendant. And Has Failed to File Any Motions on Behalf of the Defendant's liberty, over a Period of Eighteen Months.

III

And Has Failed to Contact the Defendant For More Than Three months at a Time.

IV

Defendant is not able to Work with and Place His Trust in Defense Counsel.

Unofficial Copy Office of Chris Daniel District Clerk

V

The court should Allow The Defendant The right To Represent Himself In The above said Cause.

Where Fore Premise Considered, Defendant Prays That This Court dismiss Robert Scott As Defendant's Counsel And grant Defendant's Request To Represent Himself.

Respect Fully Submitted
Samuel Roy Jackson

I Samuel Roy Jackson spin# 00386651 Being Presently Incarcerated In The Harris County Jail 1200 Baker st Harris County Texas, declare under Penalty of Perjury That The Fore going motion is True And Correct

Executed 12-18-2003 Samuel Roy Jackson.

Order

On this _____ day of _____ 2004 Came To Be Heard Petitioner's motion And it appears To This Court This motion should Be

Granted _____

Denied _____

Presiding Judge

x _____

Unofficial Copy Office of Chris Daniel District Clerk

Allusion in the Transcript of the Court Reporter's Notes to the Defendants Motion Being Over ruled does not make it Clear that the Motion over Ruled and the Motion Filed of Record are one and the Same See Bell Vs State 501 S. W2d 137 (Tex Cr App 1973) See 501 S. W2d at 139 n.1

II

For the Defendant To Properly Preserve any Error For appellate Review which may arise From the Rulings of the Court on the Defendant Various Motions, There must be a Written Order granting, overruling or otherwise qualifying, Said Motions and in the absence Thereof The Defendant will Be Deprived, of His Right To Preserve and Present Error For appellate Review, There by depriving Defendant of His Rights To due Course of the law guaranteed Him by Article 1 Sec 19 of the law, The Texas Constitution and the due process of the Law and Equal Protection of The law guaranteed him by. The Fourteenth Amendment To The United States

Q.   Did the police officers take these photographs?

A.   The ones I did not take were taken by someone with the District Attorney's Office.

Q.   Were they all taken that night then?

A.   No, sir.

Q.   Which ones were taken that night?  By the way, the photographs that we're talking about taking that night, you took those yourself?

A.   That's true.

Q.   I don't know whether -- there are some that are on heavier paper.  The heavier-paper ones are these the ones you did?

A.   Probably.

Q.   All right.  I've got three photographs here, 9, 10 and 6.  Are those the ones that you took?

A.   Yes, sir, they are.

Q.   Are those the only ones you took?

A.   I believe I took some more.

Q.   Do you know where they are?

A.   No, I don't.

Q.   All right.  Then 2, 3, 4, 5, 7, and 8 then these would have been ones that were taken by the District Attorney's Office or someone else other than yourself, correct?

A.   That's true, sir.

Q.   Do you know when they were taken?

THE COURT: That's sustained.

Q. (BY MR. SCOTT) Were you placed on notice that anyone else had any knowledge in your investigation as to what occurred out there that morning except the complaining witness?

A. That's correct.

Q. And you and Officer Brown were not witnesses as to what occurred, you showed up after the fact, did you not?

A. That's correct.

Q. So once again the only witness that you interviewed about anything that had to do with this offense was the complaining witness, right?

A. Yes, sir.

Q. Did you take any pictures of the scene out there that night, Officer, or that early morning?

A. I did not take any pictures.

Q. Were you present when any crime scene unit or anyone else with the Houston Police Department came and took photographs out there?

A. Crime scene unit was not dispatched out there.

Q. So there were no photographs taken by any members of the Houston Police Department in relation to the investigation of this crime; is that correct, sir?

A. Not at the point that I was there.

Q. If it happened, it happened some other time, correct?

A. That's correct.

A.   We determined one hit the back of the trunk.

Q.   That's in the car, yes, sir?

A.   And then the other two went into him.

Q.   Into him referring to the person he shot, right?

A.   Yes, exactly.

Q.   So, if there's exit wounds in him, were you able to find that bullet once it exited him?

MR. HART:   Calls for speculation as to whether there were exit wounds.

THE COURT:   Sustained.

Q.   (BY MR. SCOTT)   Were you able to find any bullets, projectiles or otherwise, at the scene of this shooting?

A.   No.

Q.   Did you talk to the man out there as to the location that he was in during the shooting as well as where he says the suspect was during the shooting?   Did he lay all that out for you during the investigation?

A.   Yes, sir.

Q.   All right.   Did you notice anything else unusual out there besides the knife, State's Exhibit No. 11, setting there?

A.   No.

Q.   Were the pictures taken, any of the pictures that you've seen here today, to your knowledge were they taken while you were there or not?

A.   The exhibits right here?

given opportunity to make summation remarks.

In addition, upon request, you may request to see any of the evidence which has been admitted during the course of this trial.

(Court's Charge read to the jury.)

THE COURT: So, with that, that concludes the reading of the Charge. At the conclusion of the argument, the bailiff will lay this Charge on the table in the jury room.

You may proceed.

MS. KIBLER: The State will waive the right to open but reserve the right to close, Your Honor.

THE COURT: Then, Counsel, you may proceed.

MR. SCOTT: Thank you, Your Honor.

**CLOSING ARGUMENT BY THE DEFENSE**

MR. SCOTT: Ladies and gentlemen of the jury, I appreciate the attention you've shown during the presentation of this case. The Court has now told you what she would do when we started all this and that is give you the Court's Charge. This is the guidelines and rules by which you are to deliberate. We told you about the indictment. This follows out and tells you the words and the phrases that are

MATTIE KIMBLE, CSR

defined in the law and that you must follow.

We also told you that it's your responsibility to determine what the facts are. Disputed facts, a jury resolves disputed facts. My client has entered a plea of not guilty. It brought -- once that happens, a person goes to trial, a jury is selected. That's what happened.

You must therefore, as a juror, analyze the evidence, base your decision solely upon that evidence, and a true verdict render.

So what do you have to look at?

The case did not take very long. The circumstances under which it happened took less than 10 seconds, 15 seconds. I mean, such a short period of time, it was phenomenal. But regardless of the length of time that it took, it's still necessary for to you break down all the conduct, analyze the conduct, and see if the spoken word coincides or correlates with what the physical evidence shows when you have physical evidence.

There is physical evidence in this case. There's a great deal of physical evidence in this case. But there's also a great deal of issues that have not been answered.

Now, you got a complaining witness that

MATTIE KIMBLE, CSR

talks about being on the phone at 1:30 in the morning, talking to his daughter who was in Plano or somewhere like that when he heard the window break, the glass break out of the door.  Well, we know it's not 1:30.  It can't be 1:30, because it has to be before 12:09.

Why do we know that?

Because the officer wrote down when he got the call, two minutes later he got there.  You say, well, wait a minute.  We're talking about things that happen, people don't really know.  Well, that's true.  That's true.  But what it tells you is that things are not necessarily as precise and accurate as you would normally want them to be before you make a decision such as your being asked to make here today.

So we know the time frame's off.  Well, 12:09, 12:06, 12:07, 1:30, what difference does it make?  Well, that's the difference it could make to you if you wanted to analyze and be a critical juror and find out what was going on.

He talks about the man that he says came into the building, came into the building through the window of the front door, which is Exhibit 3, all right.  Exhibit 4 shows that front door now.  But, of course, it, likewise, shows the

blind as it appears now and it appeared, according to the officer, the same on that night. There's only damage to that blind out of about one, two, three, four slats. The bottom of that blind is absolutely intact. There is no damage to the bottom of that blind.

Well, does that make any difference?

We'll put it together in a minute for you.

No. 5, likewise, a picture of the front door, the same blind. This shows you other things, though. This shows you basically from the doorway, which is the doorway which is in No. 7, you come through this doorway and you go into the room, which is No. 5, all right? You come out of the door and, as the Prosecutor was standing approximately right here in this location, where the man says he was, looking out this door, right in this doorway, looks and sees a man crouched down, he says, over here by this desk, okay?

Everybody on the same page?

That's what he said. He even got up and demonstrated with the little garbage can and he bent down on one knee where he says he saw the man with the knife in his hand. The man's back would be

towards you, of course. It would, likewise, be away from the complaining witness, would it not? He was crouched down like this, cutting the cable, the man's here, the man's back is obviously away from him. At least that's the way I perceive him. The man gets up and turns to him and holds the knife up like this. He's shot, according to the man.

Now, the man dives back out through the window that he's just come through supposedly. Of course, he did that without any damage whatsoever to those Venetian blinds. No damage. None.

Is that possible?

The evidence would indicate it is. Common sense would tell you that's impossible. He cannot have cleared that window without destroying, bending, damaging, in some way doing something to those Venetian blinds.

Now, you know that he says he's in fear of his life supposedly because the man is some -- he says ten feet, it appears to be 15 feet away from him, because he's holding a knife. The man's left hand is down to the side, the knife is in this manner.

Is that consistent with what he is says?

That's what he says.  But it's not consistent with the medical records.  It's impossible.  It's physically impossible to have occurred that way, according to these medical records.  Because it tells you in here that the man, as we've shown, was shot here on the under side of his arm and it talks about a fragment of the bullet being in the man's wrist to this day.  It couldn't have happened like the man wants you to believe it happened.

Holding the knife out like this is physically impossible for him to shoot where he says he was over here.  Unless the man had the knife up like this.  That allowed an entry wound and that allowed the trajectory up to his elbow.  That's what it says, but the man said he held the knife like this, made no gesture, did nothing.

Shot through and through in the leg.  How do we know he's shot through and through in the leg?  The man wants you believe that while he was still -- because I asked the man, I said, are you sure he didn't turn or do something?  No, he did not.  He stood and he faced me and I shot him twice, pow, pow.

We have a gunshot wound to the man's

leg. It's in the medical records. It is a through and through gunshot wound. That means in one side, out the other side. The man is standing facing the complaining witness, he is backed up because of where the man tells you the Defendant was kneeling right in front of the desk.

The officers who spent an hour out there looking for evidence could not find a bullet or bullet fragments, a spent bullet anywhere in that office building. There's a bullet because he said he fired the bullet. But we know where one bullet is. It's in this man's arm. You know that because of the medical records. You know there is another bullet somewhere because we got a through-and-through hole in his femur. And it says that in the medical records. But we can't find a bullet in the office. We can't find a bullet in the desk. We can't find a bullet anywhere.

We say, well, what difference does it make?

Well, it makes a lot of difference. It makes a lot of difference because you would have tangible proof other than just what a man says, a one witness who says something, supported by the result of the firing of the gun. You'd have that, if you

found the spent round and they looked for it.  They couldn't find it.

But you've got something else in the medical reports.  Not only do they talk about the through-and-through gunshot wound to the femur, but they show through an arrow and through a diagram in here that it was an entry in the back and it was exit out the front.  Exit in the back -- or entrance in the back, exit out the front.  Shoot from there to here, and it would have to enter from the back.

Why?

Because that's what the medical records say.  The man would have to be facing this direction, would have to be with his back to the man when he's shot.  And that would, likewise, be consistent with him being shot in the back of the arm.  So, the man isn't facing him with the knife.  He isn't about to attack him with the knife.  If he's in the building at all, I submit to you he would have to be facing away from the man when he's shot.

But that still doesn't answer the issue as to where is the bullet.  Where is the bullet?  The evidence could lead you to believe that the man was out the door and was shot in the back.  And that would explain no bullet, no spent round, other than

MATTIE KIMBLE, CSR

the one that he's got in his arm.  We can trace that one forever.  But if he's out of the building and he's shot -- then, you say, well, what are you talking about?  What are you talking about?

Well, I'm talking about somebody that might have had too much experience as a reserve officer who might have had a burglary and overreacted.  We might have had a person that is junior G-man who wanted to do his own investigation and take his own pictures and show you how much this chunk of concrete weighed.

Of course, that brings up another curious thing.  The officer talks about that, going out there and finding the knife, which, of course, no one bothered to see if there were other knives like that knife in the kitchen.  I don't know if those come in sets or not, I don't have a clue.  But it would be curious to know if there were other knives like that knife in that man's kitchen.  Nobody bothered to look for that that we know of.  Perhaps, it didn't occur to them.  We don't know.  We don't know what was done out there, do we?  Do we know?  Do we honestly know out of all those officers what anybody did?

We had a print guy.  One man who came

MATTIE KIMBLE, CSR

in and didn't know anything about any of it.  He just said, I'm a print man.  I can get prints off of most anything .sometime, sometimes you can't.  The guy that actually did any of the print work, we don't know what he found cr didn't find.  We do know he got a couple of smudged prints.  We don't know about that knife.  We don't know about other knives that were dropped that night, and we don't know anything about this big chunk of concrete.

The officer never mentioned that concrete, did he?

With all these pictures that the concerned Complainant was taking because why?  Either the police weren't doing it right or something.  Something was wrong, I would assume, because he saw fit to take the only pictures of the scene, the only pictures of the stuff.  Well, not even the scene.  I take that back.  The DA's office goes out there two weeks ago, they take these pictures.  They take these scene pictures a year later.  So, the fellow didn't even do that part.  But we do know that No. 6 shows us the computer.  I'm curious as to why a person would cut the computer cords as far as just unplugging them.  I don't know, maybe there's a reason for that.  You can cut them quicker than you

can just unplug them.  I'm not a computer person, so I don't know that.

Takes a picture of what he says is the knife that the man had.  I'm having trouble seeing any concrete block, any concrete anywhere.  You think this size, you think the officer would have seen that oh, yeah, I know how he did it, he broke out the window with this chunk of concrete and it was laying inside the door.  I asked him what he saw.  I think my exact phrase was:  Was there anything of interest to you besides the computer and the knife that you saw there?  I think that was my question, maybe it wasn't, but it was something like that.  Not a thing.  Not a thing.

So the officer doesn't even know about that until the guy brings it down here in his own little satchel to make sure you get to see it.  Whether it is or not, I don't know.  Whether it's the same brick, same rock, same anything.  The officer sure can't testify, he can't help you with it because he doesn't know anything about it.

So, we're back to the same man.  The same man that we know is not being accurate with us when he talks about shooting the man.  He cannot be accurate when he talks about shooting the man because

we've got medical records that disproves everything he says in relation to those injuries. Everything. Makes it physically impossible for it to occur.

But you can be a law enforcement minded to the point to say, well, we don't care what that's about, we still want to convict this man. But that's not your job. It's not your responsibility. Your responsibility is to listen to the evidence and, based only on that evidence, come up with a verdict.

The State has that responsibility. It's their burden. It's their job. Ten to fifteen -- I'm not sure. I don't want to mislead you. A number of officers went by there, went through there, did all this stuff. We got one here. We don't have print man here. We don't have photographs here. We don't have anything. But based upon that type of evidence, the State wants you to convict my client. I think if you read the Charge and read your responsibility, the weight of testimony, those type of things, that you realize whatever happened out there, we haven't been given enough information to know. As I said, kind of like "Wheel of Fortune." How many have been right up to the last two letters and missed it, like the Prosecutor's grandmother? How many have come right

up to the last letter and missed it?

You're not being asked to get close. We're asking you to be convinced beyond a reasonable doubt. Because it's not just what happens when you go home. It happens to the system. It happens to this process. And this process is dependant upon people taking an oath and listening to the evidence. And if it is consistent and if it is believable and it is logical and it all fits together and it makes sense to you, then convict my client.

But if it doesn't, if it doesn't fit and it doesn't make sense and it's not consistent and it's not logical, then you react to that as well because you don't have a responsibility to convict. It doesn't say a true verdict render, which is a conviction. It means a true verdict based upon the evidence; and the evidence shows you that that man, whatever he was doing out there, he was not shooting my client in the front.

And you know the other things that are so inconsistent here, that if you had to go buy a used car or something like that, based on this information, you'd never buy it. This is a heck of a lot more important than a used car deal.

Thank you.

MATTIE KIMBLE, CSR

# HARRIS COUNTY HOSPITAL DISTRICT
## Radiology Services Consultation
Medical Records Copy

| | | | |
|---|---|---|---|
| **NAME:** | JACKSON, SAMUEL | **MR#:** | 436-36-13-8 |
| **DATE OF BIRTH:** | 03/05/1956 | **ORD#:** | 90004 |
| **SEX:** M | **AGE:** 46Y | **ORDERING LOCATION:** | EMERGENCY CENTER |
| **ROOM / BED:** | 5523- | **ACCESSION NUMBER:** | 5513196 |
| **ORDERING DR.:** | LANE PATTEN M.D. | **ATTENDING DR.:** | BRADFORD SCOTT M.D. |

***Final Report***

**DEPARTMENT:** BTGH EMERGENCY CENTER RADIOLOGY
**CPT CODE:** 73090
**Exam(s):** BEC 0057- FOREARM 2 VIEWS MIN - RIGHT
May 24 2002 2:45AM (End Tracking Time)
2 VIEW RIGHT FOREARM: 5/24/02

**COMPARISON:** None.

**CLINICAL INDICATIONS:** GSW

**IMPRESSION:** 1. No evidence of acute fracture noted.

2. There is a bullet fragment overlying.

3. Prominent esophagus due to swelling of the forearm with air visualized in the soft tissues. Recommend clinical correlation.

**DISCUSSION:** The bones are well mineralized.

SA/SMK/oa

The staff physician below has personally reviewed this exam on the date of dictation.

| | | | |
|---|---|---|---|
| **REPORTED BY:** | SALAMAAN AHMED, M.D. | **READING DATE:** | May 24 2002 11:00A |
| **STAFFED BY:** | SHIRISH KOTHARI M.D. | **SIGNED DATE:** | |
| **APPROVED BY:** | SHIRISH KOTHARI, M.D. | **SIGNED DATE:** | May 28 2002 8:19A |

Transcribed by / Date: OAI on May 27 2002 9:24A
Approved Electronically by / Date: May 28 2002 8:19A

NAME:　　JACKSON, SAMUEL　　　　　MR#:　　436-36-13-8

DATE OF BIRTH:　　03/05/1956　　　　ORD#: 90003

SEX: M　　　　AGE: 46Y　　　　　ORDERING LOCATION:　EMERGENCY CENTER

ROOM / BED:　　5523-　　　　　　ACCESSION NUMBER:　5513195

ORDERING DR.:　　LANE PATTEN M.D.　　ATTENDING DR.:　BRADFORD SCOTT M.D.

---

### ***Final Report***

DEPARTMENT: BTGH EMERGENCY CENTER RADIOLOGY
CPT CODE: 73550
Exam(s): BEC　　0070-　　FEMUR 2 VIEWS - RIGHT
　　　　　　　　　　　　May 24 2002  2:45AM (End Tracking Time)
　　　　　　　　　　　　2 VIEW RIGHT FEMUR: 5/24/02.

COMPARISON:　None.

CLINICAL INDICATIONS:　GSW

IMPRESSION:　No evidence of acute fracture.

DISCUSSION:　The hip joint appears normal.


A/SMK/oa



he staff physician below has personally reviewed this exam on the date of dictation.


REPORTED BY:　　　SALAMAAN AHMED, M.D.　READING DATE:　　May 24 2002 11:00A
STAFFED BY:　　　SHIRISH KOTHARI M.D.　SIGNED DATE:
APPROVED BY:　　　SHIRISH KOTHARI, M.D.　SIGNED DATE:　　May 28 2002 8:19A
Transcribed by / Date:　　OA1 on May 27 2002 9:26A
Approved Electronically by / Date:　May 28 2002 8:19A

---

Date: 3-24-02

| Time | Procedure | Outcome | Time | Procedure | Outcome |
|---|---|---|---|---|---|
| | ABD / KUB | | | ETT Size: | BBS    CXR Position    End Tidal $CO_2$ Taped @ ___ |
| | Aortogram | | | EKG 12 Lead | |
| | Backboard Removed | | | Foley | |
| | Central Line | | | IVP / Cystogram | |
| | Chest Tube | ☐ Right   ☐ Left   ☐ Bilateral ☐ CXR Verification Done | | NGT / OGT | |
| | C-Spines | Cleared by Baird | | (Pelvis) | |
| | CT | ☐ Abdomen ☐ Head ☐ Pelvic ☐ Other. | | Splint / Traction | |
| | (CXR) | | | Thoracotomy | |
| | DPL | | | Ventriculostomy | |
| | (L) femur (R) forearm | | | Other | |

**ASSESSMENT / INTERVENTIONS**

Time

735AM  16yo BM shot x2 (one to
(R) forearm, (L) femur). Heard 3 shots
but only hit by 2. Ø LOC.
Able to move all extr.
78 100% 168/100
A+0x3, GCS 15
PERRLA, EOMI (L)
neck supple
lungs CTA bilat (B)
Abd soft NT ND
(R) forearm swelling w/ext
(L) femur through + through. (+) pulses, (+) motor.

A/P: FMS / 16yo old holding for obs.

FACULTY NOTE: History, as noted by Resident/Student, reviewed, patient interviewed, and examined.

F. Chief

S/P GSW's (L) and

(L) leg, No ... injury,
(+) pulses, (+) sens...
... May all ...
... x-ray

3/24 Films: (R) thigh - (L) femur inj
(L) forearm - bullet in
arm ... 
abnormality
CXR - RUL nodule 1 cm
pelvis (-)

3/24 Reexam 1130AM → Ø ev. of
compartment syndrome

Disposition Time: _____  ☐ Holding ☐ OR/PACU ☐ Special Procedure ☐ ICU ☐ Morgue

Patient ID: 436 56 13 8 214

Resident (Signature & ID#): _____ 5934

Attending (Signature & ID#):

Chief (Signature & ID#): 2983

Jack Sparks Samuel
M B 03/05/86
B E XV

Harris County Hospital District
Ben Taub General Hospital
Emergency Services
PHYSICIAN ASSESSMENT SHOCK ROOM NOTE
Distribution: White - Medical Record   Yellow - Trauma Services

## HEAD and FACE

Head: ☑ Norm  ☐ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion  ☐ +LOC  ☐ Amnesia (event retrograde)
Describe: _____ (event retrograde)

es: ☑ Norm  ☑ PERL  ☐ Hematoma/Swelling  ☐ Laceration  ☐ Abrasion  ☐ Racoon Sign/Battle Sign
Gaze: ☑ Normal  ☐ Abnormal  ☐ Diplopia
Describe: _____

Ears: ☑ Norm  ☐ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion  ☐ Otorrhea
Describe: _____

Nose: ☑ Norm  ☐ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion  ☐ Rhinorrhea
Describe: _____

Mouth/Throat: ☑ Norm  ☐ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion  ☐ Teeth Malocclusion  ☐ Teeth Missing
Maxilla: ☑ Stable  ☐ Unstable     Mandible: ☑ Stable  ☐ Unstable     Zygoma: ☑ Stable  ☐ Unstable

## NECK/BACK

☐ Norm  ☐ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion  ☐ Pain  ☐ Limited Motion
☐ JIVD Carotid: ___ +R ___ +L  C-Collar in Place ☐ Yes ☐ No ☐ N/A  ☐ Crepitus Bruit: ___ R ___ L  Alignment Precautions: _____
Describe: _____

## CHEST

☑ Norm  ☐ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion  ☐ Rib Tenderness  ☐ Sternal Tenderness  ☐ Seat Belt Marks
Breath Sounds Present: ☑ RLL  ☑ RUL  ☑ LLL  ☐ LUL  ☐ Subcutaneous Air Location: _____  ☐ Crepitus Location: _____
Describe: _____

## CARDIAC

☑ NSR  ☐ Other Rhythm  ☐ Distant Heart Sounds  ☐ Abnormal Heart Sounds
Describe: _____

## ABDOMEN

☑ Norm  ☐ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion
☐ Tender: ☐ LUQ  ☐ RUQ  ☐ RLQ  ☐ LLQ  ☐ Seat Belt Marks  ☐ Distention
Bowel Sounds: ☑ Present  ☐ Absent  ☐ Scars: _____
Describe: _____

## PELVIS/GU

☑ Norm  ☐ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion  ☐ Tenderness
☐ Blood at Meatus  ☐ Pelvis - Unstable  ☐ Rectal Exam Done
Genitals: ☑ Normal  ☐ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion
Describe: _____
Uterus: LNMP: _____  ☐ Pregnant _____ wks.  Comments: _____

## EXTREMITIES

☐ Norm  ☑ Hematoma/Swelling  ☐ Deformity  ☐ Laceration  ☐ Abrasion  ☐ Contusion  Dominant Hand: ☑ Right  ☐ Left
Describe: open wd to ® FA c̄ hematoma X1, open wd. X 2 to ® thigh
Motor Function: ☑ Normal  ☐ RUE  ☐ RLE  ☐ LUE  ☐ LLE  Sensory Function: ☑ Normal  Deficit: ☐ RUE  ☐ RLE  ☐ LUE  ☐ LLE

| Pulse | Radial | Carotid | Femoral | Popliteal | Posterior Tibial | Dorsalia Pedis |
|---|---|---|---|---|---|---|
| R+ | +2 | | | | | +2 |
| L+ | | | | | | |

## Body diagram / legend

| | | | |
|---|---|---|---|
| Laceration | 8 | Burn | |
| Contusion | 9 | Avulsion | |
| Hematoma | 10 | Amputation | |
| Abrasion | 11 | Fracture | |
| Deformity | 12 | Dislocation | |
| Puncture | 13 | Evisceration | |
| GSW | 14 | Pain | |

Smoker _____ 0
ETOH _____ 0
IVDA _____ 0
PMHx: HTN
PSHx: 0
Current Meds: 0

## GLASCOW COMA SCALE

| | | | | |
|---|---|---|---|---|
| **EYE OPENING** | SPONTANEOUSLY | | 4 | |
| | TO SPEECH | | 3 | |
| | TO PAIN | | 2 | |
| | NONE | | 1 | |
| **VERBAL** | ORIENTED | COOS & BABBLES | 5 | |
| | CONFUSED | IRRITABLE CRY | 4 | |
| | INAPPROPRIATE | CRIES TO PAIN | 3 | |
| | INCOMPREHENSIBLE | MOANS TO PAIN | 2 | |
| | NONE | NONE | 1 | |
| **MOTOR** | OBEYS COMMANDS | SPONT MOVEMENTS | 6 | |
| | LOCALIZES | WITHDRAWS TO TOUCH | 5 | |
| | WITHDRAWS | WITHDRAWS TO PAIN | 4 | |
| | FLEXION | FLEXION | 3 | |
| | EXTENSION | EXTENSION | 2 | |
| | NONE | NONE | 1 | |

| A. RESP | |
|---|---|
| 10-24 | 4 |
| 25-35 | 3 |
| > 35 | 2 |
| < 10 | 1 |
| 0 | 0 |

| B. SYSTOLIC BP | |
|---|---|
| > 90 | 4 |
| 70-89 | 3 |
| 60-63 | 2 |
| < 50 | 1 |
| 0 | 0 |

| C. CONVERT GCS | |
|---|---|
| 13-15 | 4 |
| 9-12 | 3 |
| 6-8 | 2 |
| 4-5 | 1 |
| 3-0 | 0 |

Pupils: 1 Hour after admission
R: Size: _____  ☐ REACT  ☐ SLUGGISH  ☐ UNREACTIVE
L: Size: _____  ☐ REACT  ☐ SLUGGISH  ☐ UNREACTIVE

2  3  4  5  6  7  8  9

Pupil Size

REVISED TRAUMA SCORE
A + B + C = 12

Initials

## SECONDARY SURVEY

**Tetanus Toxoid:**
☐ Current  ☑ 0.5 cc IM  Site __R Delt__
t #: __4052187__  Time: __0200__
Company: __Purdue__  Exp. Date: __6/15/0?__
By: __Perryia__

**Pedi:**
Weight: _____ Kilo.
Immunization Status: _____

**Valuables:**
☐ Law  ☐ Family  ☐ Clothing Clerk
☑ Bedside with Patient __shoes, bc__
☐ Other (explain) __watch, c pins__

Allergies: __NKDA__

| Time | IV Fluids and Medications | Intake | Output | Pulse | B/P | Resp. | Temp. | O₂ SAT | GCS | RTS |
|------|---------------------------|--------|--------|-------|-----|-------|-------|--------|-----|-----|
| 0200 | 16 g S.C. R hand ✓ | | | 92 | 187/126 | 16 | 98° | 99% | 15 | 12 |
| 0205 | | | | 91 | 172/113 | 16 | | | | |
| 0200 | | | | 72 | 168/100 | 16 | | | | |
| 0231 | | | | 77 | 179/119 | 16 | | | | |
| 0241 | | | | 77 | 187/109 | 16 | | | | |
| 0246 | | | | 96 | 147/88 | 16 | | | | |
| 0250 | | | | 96 | 151/91 | 16 | | | | |
| | | | | | | | | | | |
| | **TOTAL** | | | | | | | | | |

| Time | Assessment / Intervention |
|------|---------------------------|
| 15 | 46 y.o. BM to SR #1 c̄ AFD A13 on BR/C c/o pain to R thigh + L FA S/p GSW, states heard 3 shots. AAOx3, W/N. Pupils WDC. MAE x4 ∅ motor/sensory deficits. Bld. trans + sent. + xray of chest, pelvis R FA 3 R femur done. 0300 TD IGA Atropine given —M |

Disposition Time: __0400__

☐ Holding  ☐ OR/PACU  ☐ Special Procedure  ☐ ICU  ☐ Morgue

Nurse's Signature & ID# _____

Physicians's Signature & ID# __Watten__

**HARRIS COUNTY HOSPITAL DISTRICT**

Initial Assessment
Date 5-24-02 Time 0735 PM AM Chief Complaint: GSW (R) femur (L) FA

| | MA | SA |
|---|---|---|
| | MB | 6B |

## NEUROLOGICAL ASSESSMENT

| Pupil | Size | Reaction | Pupil | Size | Reaction |
|---|---|---|---|---|---|
| OD | 3 | R | OS | 3 | R |

Pupil Reaction: R - Reactive   N - Non-Reactive

**Level on Consciousness:**
Awake  Alert  _X_ Drowsy
_ Restlessness  _ Lethargic
_ Unconscious

**Orientation:**
_X_ Time  _X_ Place  _X_ Person

**Eyes Open:**
_X_ Spontaneous
_ To Speech
_ To Pain
_ No Response

**Best Verbal:**
_X_ Oriented & Converses
_ Disoriented & Converses
_ Inappropriate Words
_ Incomprehensible Sounds
_ No Response

**Best Motor:**
_X_ Obeys Commands
_ Localizes Pain
_ Extension
_ No Response

**Motor Ability & Strength:**

| | Strong | Weak | Absent |
|---|---|---|---|
| RA | X | | |
| LA | | ⊘ d" pain | |
| RL | ⊘ | | |
| LL | ⊘ | | |

**PSYCHOLOGICAL**
_X_ Calm  _ Combative
_X_ Cooperative  _ Anxious

**INTEGUMENTARY**
Color:    Skin:
_X_ Normal  _X_ Warm
_ Pale  _X_ Dry
_ Flushed  _ Diaphoretic
_ Cyanotic  _ Cool
_ Jaundiced  _ Clammy

**RESPIRATORY**
_X_ Unlabored  _ Labored

**Breath Sounds:**
_X_ Clear Bilaterally
_ Absent    R  L
_ Rales    R  L
_ Wheezes    R  L

**ABDOMINAL**
_X_ Soft  _ Tender
_ Rigid  _ Non-Tender
_ Distended  _ Rebound

**Bowel Sounds:**
_ Active  _ Hypoactive
_ Hyperactive  _ Absent

**CARDIOVASCULAR**

| Pulses | Right | Left |
|---|---|---|
| Brachial | | |
| Radial | +2 | +2 |
| Femoral | | |
| Pedal | +2 | +2 |
| Edema | | |

0-Absent  + 2-Normal
+ 1-Weak  + 3-Bounding

**EVALUATION OF PAIN:**
Exact Location: (R) thigh, (L) forearm
Onset:
Duration:
Intensity:
Nurse's Signature: J. Rosales R 88792

436 736 F318 2/44 4
Jackson, Sonetra

## NURSING OBSERVATIONS/INTERVENTIONS

| Time | Temp | P | R | B/P |
|---|---|---|---|---|
| 0735 | 98.4 | 78 | 19 | 124/80 |

0735 — Pt sleeping, easily aroused, A&O x III, strong +2 bilat radial + pedal pulses, dressing Δ to wound on (R) FA, minimal bleeding, minimal edema noted. Tegaderm op site intact to wound on (R) thigh, blood collected under op site — no urine. SR ↑ x II, pt's dispo pending x-ray, HPD @ bedside ——— J. Rosales RN 88792

(1005) pt remains A&O x III, continues ē (+)2 radial pulses bilat, op site intact to wound to thigh @ about, +2 bilat pedal pulses, SR ↑ x II ——— J. Rosales RN 88792

(1015) op site removed, wound dressed ē 4x4 + Kling w/ wrap, wound dry, no active bleeding noted ——— RN 88792

**Allergies**

| Time | IV / MEDICATIONS (dose/route/site) |
|---|---|
| | |

| INTAKE/OUTPUT | Time | IV | Urine | Chest | Gastric | Pertinent Lab Values |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Total: | | | | | | |

EMERGENCY / AMBULATORY CARE PATIENT PROGRESS RECORD

WHITE — Chart Copy   CANARY — Audit Copy   RETENTION: HR-4800-04 280553 (5/89)

Date: 1/14/02 Time: 0215 Estimated Time of Injury: 00:00 Category: ☒ 1 ☐ 2

## MOTOR VEHICLE TRAUMA

☐ MVA        ☐ Seat Belt        ☐ Steering Wheel Damage
☐ Auto/Ped.   ☐ Infant Seat      ☐ Spidered Windshield
☐ MCC        ☐ Helmet          ☐ Rollover
☐ Bicycle     ☐ Air Bag         ☐ Ambulatory at Scene

Circle the direction of impact and patient position in vehicle.

| Type of Vehicle: | Speed of Crash: MPH | Fatalities at Scene: X | Distance Ejected: Ft. |
|---|---|---|---|

## FALL/JUMP TRAUMA
Approximate Height: _____ ft.
Landed on Surface Type:

## ASSAULT
Weapon Used:
Comments:

## PENETRATING
☒ GSW  ☐ SGW  ☐ SW  ☐ IMPALEMENT  ☐ # WOUNDS_____
Feet from Gun: _____
Weapon/Description: _____
Self Inflicted?  ☐ Yes  ☒ No

## THERMAL   ☐ Flame  ☐ Chemical  ☐ Electrical
☐ Exposure   ☐ Potential Inhalation
Description: _____
☐ Enclosed Space   Length of Exposure:

## OTHER
Describe:

## PREHOSPITAL TRANSPORT
☐ O2  ☐ Oral Airway  ☐ ET#  ☐ EOA  ☐ BVM  ☐ C-Collar  ☐ Backboard  ☐ Other _____  ☐ Splint _____
☐ Pressure Dressing  ☐ MEDS  ☐ IVs Initiated  ☐ Estimated Bloodloss: _____ cc

| AIRWAY  ☐ Patent  ☐ Partially Obstructed  ☐ Obstructed | INTERVENTIONS  ☐ ETT# _____ Oral/Nasal  ☐ Nasal Trumpet |
|---|---|
| ☐ Secretions  ☐ Foreign Body  ☐ Other _____ | ☐ Oral Airway  ☐ Cricothyroidotomy  ☐ Tracheotomy |
| ☒ Spine Precautions Maintained by: _____ | Time: _____  End Tidal CO2 _____ |
| BREATHING  ☒ Spontaneous  ☐ Labored  ☐ Agonal | By: _____ M.D.  Breath Sounds ☐ Yes ☐ No |
| Trachea: ☒ Midline  ☐ Deviated  R  L | Time: _____ |
| Chest Wall: ☒ WNL  ☐ ABN: _____ | ☐ Breathing Assisted with Bag-Valve Device ET ___ size |
| Breath Sounds: Right ☒ WNL  ☐ Diminished  ☐ Absent | ☐ Needle Thoracotomy:  R  L  ☐ Air Expressed |
| Left ☒ WNL  ☐ Diminished  ☐ Absent | ☐ Occlusive Dressing to: _____ |
| ☐ Sucking Chest Wound  ☐ Flail  R  L | ☐ O2 Administered by: _____ at ___ L |

## CIRCULATION
Color: ☒ WNL  ☐ Pale  ☐ Cyanotic  ☐ Flushed
Skin: ☒ WNL  ☐ Cool  ☐ Hot  ☐ Clammy  ☐ Diaphoretic
Pulses: ☒ Present  ☐ Absent  ☐ Diminished  ☐ Thready
Hemorrhage: ☒ None  ☐ Gross  Est Blood Loss ___ cc

Time: _____
☐ Auto Transfusion Utilized ___ cc
☐ Pressure Dressing to: _____
☐ IVs Established (see intake record)
☐ Pericardicentesis  ☐ Thoracotomy  ☐ CPR Initiated

## NEURO    ☒ Alert  ☐ Responds to Verbal  ☐ Responds to Pain Only  ☐ Unresponsive  ☐ + Loss of Consciousness X ___ min.
Pupils  Right: Size 3  ☒ Reactive  ☐ Sluggish  ☐ Unreactive    Left: Size 3  ☒ Reactive  ☐ Sluggish  ☐ Unreactive

BP: 181/116  HR: 91  RESP: 16  TIME: 0220

| Consultants/Service | Name & ID # | Time Called | Time Arrived | Service | Name & ID # | Time Called | Time Arrived |
|---|---|---|---|---|---|---|---|
| Trauma Faculty | Scott | 0217 | 0217 | Pedi Surgery | | | |
| Trauma HO 5 | | | | Pediatrics | | | |
| Trauma HO 4 | | | | Anesth | | | |
| EC Chief | Baird | 0217 | 0217 | Thoracic | | | |
| EC Intern | Patten | 0217 | 0217 | Plastic | | | |
| EC Intern | | | | Urology | | | |
| EC Nurse | Garcia | 0217 | 0217 | Chaplain | | | |
| EC Nurse | | | | Social Services | | | |
| Neurosurgery | | | | CPS APS Police (Circle One) | | | |
| Ortho | | | | Other | | | |

Patient ID    20 cc

436 36 13 8  2144

JACKSON, SAMUEL
M B 03/05/56
D E XV

Harris County Hospital District

Ben Taub General Hospital
## LEVEL 1 TRAUMA FLOW SHEET

Distribution: White - Medical Records    Yellow - Trauma Services

## PRIMARY SURVEY

Retention: HR-4800-04

APPENDIX COVER SHEET

APPENDIX COVER SHEET

APPENDIX COVER SHEET